66 613
68 489

THE CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY V. ELIAS WOOD.

No. 13,047. (72 Pac. 215.)

SYLLABUS BY THE COURT.

1. EVIDENCE— *Circumstantial — Question for Jury.* In the solution of questions of fact dependent upon circumstantial evidence, the jury must be left to decide which of two equally plausible conclusions, deducible from such circumstances, shall be adopted.

2. ——— *Civil Case—Degree of Certainty.* Circumstantial evidence in a civil case, in order to be sufficient to sustain a verdict, need not rise to that degree of certainty which will exclude every reasonable conclusion other than the one arrived at by the jury.

Error from Butler district court; G. P. AIKMAN, judge. Opinion filed April 11, 1903. Affirmed.

*M. A. Low, W. F. Evans,* and *Paul E. Walker,* for plaintiff in error.

*E. N. Smith,* and *Houston & Brooks,* for defendant in error.

The opinion of the court was delivered by

CUNNINGHAM, J.: The facts of this case are as follows: In company with his wife, the defendant in error alighted from a south-bound train of the plaintiff in error at its depot at Whitewater, Kan., before it

was light on the morning of August 24, 1898. There
was no agent, nor was there any light in the depot or
on the platform. Desiring to remain until it should
become light, Mr. Wood and his wife found their way
into the waiting-room of the depot. The depot was
west of the track and had a door on both the east and
west sides. It was surrounded with a platform about
eight feet wide, that on the south being three and one-
half feet from the ground. There was no railing about
the platform. Mrs. Wood was at the time suffering
from a diarrhea. Soon after the parties had entered
the waiting-room Mr. Wood heard cries from his wife
from the outside. This was the first he knew that she
had left the room. He responded immediately, and
found that she had fallen from the platform south of
the east door of the waiting-room, and in the fall had
sustained severe injuries. This was all the evidence
in the case bearing upon the question of how the acci-
dent occurred. The defendant in error was awarded
a verdict by the jury.

The negligence charged by the plaintiff was that
the railway company did not maintain lights on the
platform or in the waiting-room, nor maintain guard-
rails around its platform, and that it failed to provide
water-closets for the use of its passengers, and did not
keep an agent on duty to give information to passengers
where to find the water-closets or to direct them how
to leave the depot platform with safety in the dark.
The railway company requested the court to instruct
the jury to return a verdict in its favor on the theory
that there was not sufficient evidence to warrant a re-
covery by the plaintiff. This was refused.

The plaintiff's theory was that Mrs. Wood left the
waiting-room for the purpose of finding a water-closet
where she might conveniently and properly answer

the call of nature, and in so doing, being unacquainted with the depot and surroundings and without the advice of any one as to where to find the closets, and without a light to guide her, she, in groping around in the dark, fell from the platform and suffered the injuries complained of.   The plaintiff in error, however, while tacitly admitting that were these assumed facts sufficiently shown it would be liable, claims that there is not sufficient evidence to warrant the jury in awarding damages on the assumption of the correctness of this theory.   It contends that there are other theories as plausible and as consistent with the facts shown which would explain the result in a manner that would relieve the company from responsibility, and insists that, where a party relies upon circumstantial evidence to prove his case, those circumstances must not only be such as reasonably to lead to the conclusion arrived at by the jury, but that such conclusion must be the only reasonable conclusion consistent with the evidence ; that, where the evidence is purely circumstantial and is equally consistent with a theory acquitting the defendant of liability as with one making it liable, plaintiff cannot recover.   It points out one theory which would account for the happening of the accident on the hypothesis of the company's being free from negligence, or, at least, upon the hypothesis that the plaintiff's wife was guilty of such contributory negligence as would bar recovery.

In support of its contention, plaintiff in error cites *Asbach v. The Chicago, B. & Q. Ry. Co.*, 74 Iowa, 248, 37 N. W. 182 ; *Carruthers v. C. R. I. & P. Rly. Co.*, 55 Kan. 600, 40 Pac. 915 ; *Railway Co. v. Rhoades*, 64 id. 553, 68 Pac. 58.   We are very sure that the two cases cited from this court do not sustain this claim, nor do we think the Iowa case does.   While

some of the language in that case seems to sustain the view of the plaintiff in error, when the facts of the case are examined it will be seen that such language must not be taken to state a general rule.

Circumstantial evidence in a civil case, in order to be sufficient to sustain the verdict of a jury, need not rise to that degree of certainty which will exclude any and every other reasonable hypothesis. The jury are not infrequently called on to decide between two or more theories, and in doing so may exercise their own best judgment in accordance with their oath-bound consciences. This must necessarily be so, for it is the province of the jury and not of the judge to determine whether the evidence better supports this or that theory. We invade their domain if we shall require them to say that a given set of circumstances are as consistent with one theory as with another. This court, in a very recent case (*Railroad Co. v. Perry*, 65 Kan. 792, 70 Pac. 876), had occasion to quote with approval the rule laid down by Professor Greenleaf upon this subject, which is as follows: "In civil cases it is sufficient if the evidence on the whole agrees with, and supports, the hypothesis which it is adduced to prove." (Greenl. Ev. § 13*a*.)

In the case at bar, while we might imagine that the plaintiff's wife was needlessly, listlessly and without heed taking a walk upon the unlighted and unguarded platform, and thereby negligently contributed to the injury complained of, it is certainly not an imputation upon either the honesty or intelligence of the jury that they concluded that she went out into the dark because of a compelling necessity, in search of a proper place in which to answer a strenuous call of nature, which place it was the duty of the railway company to furnish and afford means of finding, and

in making such search unwittingly fell from the platform, rather than that her fall was the result of heedlessness on her part.   But even were the contention of the plaintiff in error correct, it seems there was no error committed, for the court instructed the jury that it was not sufficient that the facts and circumstances relied on by the plaintiff should be merely consistent with his right to recover, but that they must be of such nature as to preclude every other theory.   So it appears that the jury was abundantly warned as to its duty concerning the value of the circumstances shown.

It is true, as announced in *Railway Co. v. Rhoades*, supra, that presumptions may not be based upon presumptions, and that it will not do to consider chance or circumstantial evidence having but a questionable or circumstantial basis of fact, but this is very far from announcing that an undisputed fact may not be used as a basis from which to draw a reasonable conclusion, even though some other and opposite conclusion equally reasonable might also be drawn; otherwise, we might have a condition where a question of fact could not be settled, because the circumstances upon which its settlement depended might point to two or more equally reasonable conclusions. As between two or more reasonable deductions from circumstantial evidence, the court is not at liberty to direct which one the jury shall adopt.

Question is raised upon the misconduct of the attorney for plaintiff below in going outside of the evidence in his argument to the jury.   The character of, and occasion for, these remarks was the subject of affidavits *pro* and *con* upon the presentation of the motion for a new trial.   The contention of the defendant in error, as shown by his affidavits, was correct, that whatever

was said by his attorney was justified by, and in reply to, equally irrelevant remarks made by the attorney for the company. It seems that the court below took this view. We are not justified in disturbing the court's findings in this matter. (*Culp v. Mulvane*, ante, page 143, 71 Pac. 273.)

Complaint is made that the court erred in refusing to require the jury more definitely to answer one of the special questions submitted relative to the particular items of damage for which the verdict was given. In answer to the question, "How much do you allow for each particular item of damage?" the jury said: "Nine hundred dollars for damages received to plaintiff by injury to plaintiff's wife." The petition prayed for recovery in the sum of $2000 as compensatory damages, without specifying any items. Granting that it would have been proper for the court to require the jury specifically to state the items awarded as compensatory damages, it seems clear that, in the absence of specific inquiry by the company as to the various items of such damage, no error was committed by the court in refusing to send the jury back for more explicit answer.

We fail to find in the entire case any reason for reversing the judgment of the court below, and hence it will be affirmed.

JOHNSTON, C. J., GREENE, POLLOCK, BURCH, MASON, JJ., concurring.

SMITH, J. (dissenting): I do not believe that the evidence justified a verdict for the plaintiff below. I think that the jury, as was said in *Railway Co. v. Morris*, 64 Kan. 411, 415, 67 Pac. 837, "roamed with unreasoning license in a wide field of speculation."