No. 18,764.

DOMINIC BROSEGHINI, *Appellee*, v. THE SHERIDAN COAL COMPANY, *Appellant*.

SYLLABUS BY THE COURT.

1. INJURIES IN COAL MINE—*Unsafe Place to Work—Established by Circumstantial Evidence.* The negligence of the master in failing to perform his duty of furnishing his servant a safe place to work may be established by circumstantial evidence.

2. SAME—*Evidence Established Prima Facie Case of Negligence.* A miner who had just been employed by a coal company was directed to begin work in a room of a coal mine in which mining had been done a few days before. He drained out some water and cleared away debris and then began to pick

coal, and after he had been at work for about five minutes his pick struck an unexploded charge of an explosive that had been left in the coal, which caused an explosion that seriously injured him. *Held,* that the explosion and the attendant circumstances are *prima facie* proof that the company failed to perform its absolute duty of furnishing the miner a safe place to work, and also that the miner was free from contributory negligence.

Appeal from Crawford district court; ANDREW J. CURRAN, judge. Opinion filed April 11, 1914. Affirmed.

*John J. Campbell, F. B. Wheeler,* both of Pittsburg, *A. M. Keene,* and *E. C. Gates,* both of Fort Scott, for the appellant.

*Arthur Fuller,* and *W. J. True,* both of Pittsburg, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: Dominic Broseghini was injured while working in a coal mine of the Sheridan Coal Company, and he brought this action to recover the damages sustained. It appears that he was employed and directed to work in a room of the defendant's mine in which no work had been done for about eight or nine days before the plaintiff was employed. During that time water had collected in the room, and he first undertook to drain the water out, and then finding a ledge of coal about six inches thick in the bottom and near the face of the room, he began to pick it, and had continued in this work about five minutes when his pick struck dynamite or some other explosive, and an explosion followed which burned and seriously injured him. A demurrer to the testimony offered in his behalf was overruled, and no testimony being offered in behalf of the company, the jury awarded him damages in the sum of $2974. With the general verdict the jury returned some special findings to the effect that plaintiff was a miner of ordinary intelligence and observa-

tion, that he could not by ordinary care have discovered the explosive in the ledge of coal on which he was working, that there was no evidence to show that he knew before he was injured that there was any unexploded dynamite or other explosive substance in the place where he was at work, and that he was an experienced miner who had been working in coal mines for about twenty-two years.

Although contested, the evidence, which is not contradicted, sufficiently shows that plaintiff was working for the defendant.

It is contended that the demurrer should have been sustained on the ground that the evidence did not show by whom the explosive was placed in the mine nor the kind of explosive that was discharged and caused the injury, and further, that it did not show that the defendant, by the exercise of ordinary care, could have discovered its presence. The explosion demonstrated that there was unexploded dynamite or other explosive substance in the unmined coal. It is well known that explosives are used in the mining of coal, and it is immaterial what was the name or the particular kind of explosive that was placed or left there. There was some unexploded substance left there which should have been found by the defendant through an ordinary inspection. It was the duty of the defendant to furnish the plaintiff a safe place in which to work, and especially to make a careful inspection to discover whether there were unexploded charges left in the coal. The plaintiff had a right to assume that a proper inspection had been made and that any unexploded charges of dynamite or powder previously placed in the mine had been removed or safeguarded in some way. The evidence tends to exclude the theory that the plaintiff was negligent in this respect, and the jury have found that he was free from negligence. If the defendant had performed its duty in this respect the explosive would have been discovered, and the fact that the plaintiff struck

an explosive which was followed by an explosion, together with the attendant circumstances, is *prima facie* proof that the defendant failed to perform its absolute and nonassignable duty of furnishing the plaintiff a safe place to work. The burden was, of course, upon the plaintiff to prove the fact in issue, but authorities are not needed to establish the proposition that the negligence of the master may be proven by circumstantial evidence. The circumstances need not, as in criminal cases, preclude any other conclusion than the one found by the jury beyond a reasonable doubt. (*Railway Co. v. Wood*, 66 Kan. 613, 72 Pac. 215; *Railway Co. v. Colliati*, 75 Kan. 56, 88 Pac. 534; *Hashman v. Gas Co.*, 83 Kan. 328, 111 Pac. 468.)

Here the plaintiff is not relying on the bare fact of the accident. There are circumstances which, taken together and of their own force, make out a *prima facie* case of negligence of the defendant. The evidence to the effect that defendant put plaintiff to work in a room of a mine in which unexploded charges had been left, that plaintiff had himself used due care in the premises, that there is a well-known practice of using explosives in mining coal, that an explosion did occur when plaintiff struck into the coal with his pick, and the other circumstances attending the explosion, are sufficient evidence of the absolute duty of the defendant to furnish the plaintiff a safe place to work and of its neglect to perform that duty. No explanation was made by the defendant nor was there any evidence offered to overthrow this *prima facie* case made by the plaintiff.

The instructions given by the court seem to fairly cover the case, and no error was committed in the refusal of those requested by the defendant.

The judgment of the district court will be affirmed.