No. 24,419.

CHARLES LANE, *Appellee*, v. THE SOUTHERN KANSAS MUTUAL
INSURANCE COMPANY, *Appellant*.

#### SYLLABUS BY THE COURT.

FIRE INSURANCE—*Civil Action—Circumstantial Evidence—Instructions.* On
the trial of a civil action, it is error for the court to instruct the jury that
where circumstantial evidence is relied on to establish a criminal act
such circumstances must not only be consistent with that act but must be
inconsistent with any other rational conclusion and must be of such a nature
and so related to each other that no other conclusion can reasonably be
drawn from them. The rule in civil cases is contrary thereto; it is, that facts
may be proved by a preponderance of the evidence, even if that evidence is
circumstantial.

Appeal from Scott district court; ROSCOE H. WILSON, judge. Opinion filed
April 7, 1923. Reversed.

*W. W. Schwinn, E. J. Taggart,* and *John Bradley,* all of Wellington, for the
appellant.
*Fred J. Evans,* and *Ray H. Calihan,* both of Garden City, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The defendant appeals from a judgment in favor
of the plaintiff on a policy of fire insurance issued by the defendant
to the plaintiff on wheat in the stack.

One of the defenses was that the plaintiff had, by himself or
through some person employed and procured by him, set fire to and
burned the wheat. The evidence to prove that the plaintiff had
burned the wheat was wholly circumstantial. On that subject, the
court instructed the jury as follows:

"There is no direct evidence that the plaintiff set the fires in question,
either by himself or by others; but such charge, like any other fact to be
proven, may be established by circumstantial evidence. When circumstantial
evidence is relied upon, the circumstances themselves must be proven and not
presumed, and such circumstances must not only be consistent with the plain-
tiff's guilt, but inconsistent with any other rational conclusion; they must be
of such a nature and so related to each other that no other conclusion can
fairly or reasonably be drawn from them than the guilt of the plaintiff of the
acts charged."

In 23 C. J. 49, the author says:

"It is asserted by a number of authorities that a conclusion is not supported
by circumstantial evidence unless the facts relied on are of such a nature and

so related to each other that no other conclusion can fairly or reasonably be drawn from them."

This rule is supported by *Railway Co. v. Rhoades*, 64 Kan. 553, 68 Pac. 58, where this court said:

"So to establish a theory by circumstantial evidence that it may be accepted as a fact proved, the known facts relied on as a basis for the theory must be of such nature and so related to one another that the only reasonable conclusion that may be drawn therefrom is the theory sought to be established." (Syl. ¶ 1.)

The discussion of this subject in 23 C. J. continues as follows:

"But there is also authority for the view that it is sufficient for the party having the burden of proof to make out the more probable hypothesis, and that the evidence need not rise to that degree of certainty which will exclude every other reasonable conclusion." (p. 49.)

This rule is supported by *Railway Co. v Wood*, 66 Kan. 613, 72 Pac. 215; *Railway Co. v. Colliati*, 75 Kan. 56, 88 Pac. 534; *Hashman v Gas. Co.,* 83 Kan. 328; 111 Pac. 468; *Broseghini v. Coal Co.*, 92 Kan. 113, 116, 139 Pac. 1025; *Roediger v. Railroad Co.*, 95 Kan. 146, 147 Pac. 837; and *Watkins v. Harper County*, 95 Kan. 166, 168, 147 Pac. 822.

In *Roediger v. Railroad Co.*, supra, this court said:

"Ordinarily, in civil cases, a preponderance of the evidence—the greater convincing weight—controls whether the evidence be direct or circumstantial." (Syl. ¶ 1.)

Under the decisions of this court, the instruction was bad. In another part of the instructions, the court told the jury that—

"The burden is upon the defendant in this action to prove to your satisfaction and by a preponderance of the testimony, that said fire was caused by the willful act or procurement of the plaintiff."

The instruction just quoted did not cure the error in the instruction concerning circumstantial evidence because it directed the attention of the jury specifically to circumstantial evidence which was the only kind of evidence which tended to prove that the plaintiff had burned the wheat.

The judgment is reversed, and a new trial is directed.