No. 28,373.

ORPHA E. CRACRAFT, as Administratrix, etc., *Appellee*, v. THE WICHITA GAS COMPANY, *Appellant*.

(271 Pac. 273.)

Opinion filed November 3, 1928.

*Fred S. Jackson,* of Topeka, and *Robert D. Garver,* of Kansas City, Mo., for the appellant.

*Robert C. Foulston, W. E. Holmes, D. W. Eaton, George Siefkin, Sidney L. Foulston* and *Lester L. Morris,* all of Wichita, for the appellee.

The opinion of the court was delivered by

HOPKINS, J.: The action was one by Orpha E. Cracraft, as administratrix of the estate of her husband, Charles Cracraft, to recover for his death. Plaintiff prevailed, and defendant appeals.

The deceased met his death through an explosion which entirely wrecked the building in which Howard & Cracraft operated a grocery store. The facts developed by the evidence indicated that gas entered the basement of the building in which the store was operated, through a soil pipe connecting with the city sewer and that the gas escaped into the basement through holes cut in the soil pipe.

It was ignited by a match or candle in the hands of the plumber. The principal question presented is whether the evidence was sufficient to sustain the special findings and verdict of the jury.

Special questions pertaining to this inquiry were answered by the jury as follows:

"1. If you find for the plaintiff and that the explosion was due to defendant's negligence, state in detail in what manner and things the defendant was negligent. A. Failure to locate leaks and make repairs necessary after same had been reported as coming from their mains or pipes, and in permitting the escape of natural gas on the premises known as 315 East Lewis street.

"2. If you answer the above question to the effect that defendant's negligence consisted in allowing gas to leak from its mains or pipes, state the location of such leak. A. In the vicinity of Howard & Cracraft's store, on or prior to April 18, 1927.

"3. If you have answered any of the foregoing questions to the effect that gas leaked from defendant's mains or pipes and caused the explosion, state whether or not defendant had notice of such leak or leaks, and in what manner such notice was received by defendant. A. Reported in person by T. C. Weidenbach to the offices of Wichita Gas Company in New York Rite Temple building; also by Donald Habert to P. B. X. operator of Wichita Gas Company several days prior to April 18, 1927.

"4. Did the gas which caused the explosion enter the basement of the Howard-Cracraft building through the soil pipe connecting such building with the sewer? A. Yes.

"5. If you answer the foregoing question in the affirmative, state how such gas escaped from the soil pipe. A. Through holes cut into soil pipe.

"6. Did the escaping gas from the source which caused the explosion stop escaping on Wednesday or Thursday following the explosion on Monday. A. Yes.

"7. If question No. 6 is answered in the affirmative, state what caused the escape of gas to stop. A. Some mechanical means unknown to jury."

The findings in our opinion, were amply sustained by the evidence. For instance, by a process of elimination the plaintiff showed that the explosion was not caused by gasoline fumes nor sewer gas, but that it was caused by natural gas, and that it was not possible for the natural gas to have come into the building from the high pressure lines of the Wichison Gas Company a few blocks distant, and must therefore have come from defendant's lines. Following the explosion, a kind of vapor was observed rising from a vent pipe. This was lighted and burned steadily to a height of about eighteen inches. Immediately after the explosion the defendant company began work on its lines in that vicinity. No change occurred in the premises and no work was done on the lines of the Wichison Gas

Company in the vicinity, but within two days following the gas ceased to flow through the vent pipe. We think the jury was justified in its conclusion that the flow of gas was stopped by the efforts of the defendant, also in its finding that the flow of gas was stopped by some unknown mechanical means.

Other questions as to whether or not defendant had notice of a leak in its lines, and whether or not the escape of natural gas was the proximate cause of the explosion were, we think, properly determined in favor of the plaintiff. A contention that there was a fatal variance between the pleadings and the proof cannot be sustained. Other questions raised by the defendant, all centering on the proposition as to whether or not its gas caused the explosion, we think were properly disposed of by the trial court and do not require elucidation.

The judgment is affirmed.