No. 28,373.

ORPHA E. CRACRAFT, as Administratrix, etc., *Appellee*, v. THE WICHITA GAS COMPANY, *Appellant*.

(275 Pac. 164.)

Opinion on rehearing filed March 9, 1929.
(For original opinion of affirmance, see 126 Kan. 775, 271 Pac. 273.)

*Fred S. Jackson,* of Topeka, and *Robert D. Garver,* of Kansas City, Mo., for the appellant.

*Robert C. Foulston, W. E. Holmes, D. W. Eaton, George Siefkin, Sidney L. Foulston, George P. Powers* and *Lester L. Morris,* all of Wichita, for the appellee.

The opinion of the court was delivered by

HOPKINS, J.: A rehearing was granted in this case on the petition of the defendant. (*Cracraft v. Wichita Gas Co.,* 126 Kan. 775, 271 Pac. 273.) The case was again briefed and orally argued and has been again fully considered.

Among other things the defendant contends that the original opinion "in effect applies the doctrine of *res ipsa loquitur* to the existing situation and holds that the cause of an explosion can be proven solely by the elimination of other causes." The contention is not fair. This court did not apply the doctrine of *res ipsa loquitur*

in the instant case. Nor did it arrive at a decision solely through the process of elimination. As on the former submission, the defendant's argument questions the sufficiency of the evidence. It may be properly repeated that the evidence showed that the explosive agency was natural gas; that it came from the city sewer and escaped upon the premises through a soil pipe and that it must have come either from the line of the Wichison company or that of the defendant. There was no other source from which the gas could have come. There was substantial evidence to the effect that the line of the Wichison company was not changed nor were there any excavations made thereon from April 18 until May 3; that during that interim the gas stopped escaping on the premises where the explosion had occurred; that the thing which caused the gas to stop was some physical act which shut off the source of supply. On April 19 (the day following the explosion) a permit was taken out by the defendant to cut the pavement, "for the purposes of . . . repairing main." Was this not an indication that something was wrong with defendant's main? Since the Wichison company did not perform any physical acts on its lines, it cannot reasonably be said that the jury had no basis on which to conclude that the escaping gas came from the line of the defendant company. A somewhat similar situation was presented in *Hashman v. Gas Co.*, 83 Kan. 328, 111 Pac. 468, where it was said:

"Direct proof of negligence is not essential to a recovery, as negligence may be established by circumstantial evidence alone. If the circumstances proved fairly authorize the inference of negligence, and the jury have drawn that inference, it is enough." (p. 329.)

In *Railway Co. v. Wood,* 66 Kan. 613, 72 Pac. 215, it was said:

"Circumstantial evidence in a civil case, in order to be sufficient to sustain a verdict, need not rise to that degree of certainty which will exclude every reasonable conclusion other than the one arrived at by the jury." (Syl. ¶ 2.)

(See, also, *Railway Co. v. Colliati,* 75 Kan. 56, 88 Pac. 534; *Lane v. Insurance Co.*, 113 Kan. 365, 214 Pac. 92.)

The actionable negligence in the instant case arose only after notice of the escape of gas and a reasonable opportunity to repair. The finding of the jury upon this point was amply sustained. The defendant had opportunity to find the leak and repair it prior to the explosion, but failed to do so.

We cannot agree with the defendant that the verdict was arrived

at by basing inference on inference. Nor can we agree that the rule announced in *State v. Trimble*, 12 S. W. (2d) 727, 732, if applied here would relieve the defendant of liability. In that case it was said:

"It is true that direct proof of negligence is not necessary. Like any other fact, negligence may be established by the proof of circumstances from which its existence may be inferred. But this inference must, after all, be a legitimate inference and not a mere speculation or conjecture. There must be a logical relation and connection between the circumstances proved and the conclusion sought to be adduced from them. This principle is never departed from, and in the very nature of things it never can be disregarded." (*Benedick v. Potts*, 88 Md. 52, 55, 41 L. R. A. 478.)

And so in the instant case the direct proof and the circumstances attending it formed a sufficient basis on which to rest the jury's conclusion.

It is argued that the decision of this court was based upon a misunderstanding of the jury's answer to question No. 7. The defendant is in error. The jury were asked and answered questions 6 and 7 as follows:

"Q. No. 6. Did the escaping gas from the source which caused the explosion stop escaping on Wednesday or Thursday following the explosion on Monday? A. Yes.

"Q. No. 7. If question No. 6 is answered in the affirmative, state what caused the escape of gas to stop. A. Some mechanical means unknown to jury."

The rule requires this court to reconcile the answers of the jury to special questions with the general verdict. Doing so, the jury in effect made its general verdict against the defendant the same as if it had answered an additional question (No. 8) that the "mechanical means" referred to was used by the defendant. The special findings when considered in connection with the general verdict leave no room for any other reasonable conclusion.

A misstatement of fact in the original opinion (which did not affect the result) that "the Wichison line was several blocks distant from the premises" should be corrected. It was in fact only across the street. It crossed the sewer at right angles to connect with a schoolhouse.

After again giving the case full consideration we are unable to arrive at any different conclusion than that previously announced, and therefore adhere to our first decision.

The judgment is affirmed.