## EASTERN OKLAHOMA LIGHT & POWER CO. v. HARE.

No. 18991.   Opinion Filed Jan. 21, 1930.

Rehearing Denied April 15, 1930.

Stuart, Coakley & Doerner, and Paul P. Pinkerton, for plaintiff in error.

Holcombe & Lohman, for defendant in error.

REID, C.  Plaintiff brought this suit to recover damages from the defendant for the loss of a building and its contents by fire alleged to have been caused by negligence of the defendant.

The case was tried to a jury and the verdict was for $1,000 in plaintiff's favor. From a judgment entered thereon, defendant has appealed.

It is first urged that the evidence is not sufficient to show that the fire was caused by the negligence of the defendant. It is therefore necessary for us to determine whether the evidence upon this issue reasonably tends to support the verdict.

The evidence shows that for several years prior to the fire, which occurred between 8 and 9 o'clock a. m. on November 28, 1925, the p aintiff had been the owner of lot 13 in block 18 in the town of Avant, Osage county, Okla. On this lot, facing the east on the street, there was a stone building in which plaintiff conducted his business as a merchant tailor. About 12 feet back from the stone building, he had erected what is called in the testimony a sheet iron building, 32 by 12 feet. A particular description of this building is not necessary, except the fact that it was covered with a composition of felt roofing, which was easy to ignite. In this latter building plaintiff conducted a cleaning and pressing business. This was the bui'ding which burned. Since 1921, the defendant had been engaged in furnishing 'electric current to the inhabitants of the town of Avant. And, in order to serve its customers, it had constructed and had in operation a main transmission line running along the alley back of plaintiff's lot. This far the evidence is uncontroverted, and there is further evidence, some of which is undisputed, tend'ng to establish these further facts: That in serving the two customers doing business in buildings just south of plaintiff's stone bui'ding, the defendant had extended insulated wire service lines from a post and its main line in the alley, and that these lines went across the top of the building that was burned: and that for more than two years prior to the fire these wires had sagged so that they la'd upon the roof of this building, and were swayed back and forth bv the wind. The evidence is to the effect that the frequent rubbing or scraping of these wires against the roof would necessarilv tend to wear away the insulation, and that such wire thus unprotected, coming in contact with the nails in the roof. would short circuit and set fire to the roofing. A witness, who had been one of the trustees of the town of Avant, testified that he observed this condition of the wires on the roof about three months hefore the fire occurred There was no positive evidence in the record. as we have stated. showing a condition sufficient to have worn it away. Witnesses testified that they saw the fire on the roof close to where the wires were lying on it. No witness saw the building ignite, annarently ohserving it only after it began to burn. But there is evidence sufficient to show that the fire began about where these wires were lying on the roof. It is true the defendant introduced evidence tending to establish the fact that the fire was not caused by defendant's wires. But this issue as made was determined by the jury against the defendant.

We think the basic principles of law by which the case should be governed have been reviewed and stated by this court in the case of Marland Refining Co. v. Snyder, 125 Okla. 260, 257 Pac. 797, in this language:

"In line with the reasoning in Waters-Pierce Oil Co. v. Deselms, 18 Okla. 107, 89 Pac. 212, we think that where a known agency is known to exist, which is sufficient and liable to produce the result complained of, and is traced to a position in which it might produce such result, and the result has been produced and there was no other known agency at that point capable of producing such result, a strong inference is raised that such known agency was the approximate cause of the injury that follows and that the instant case exhibits such a ccndit'on. * * *

"Circumstantial evidence in a civil case, in order to be sufficient to sustain a verdict, need not rise to that degree of certainty which will exclude every reasonable conclusion other than the one arrived at by the jury. C., R. I. & P. Ry. Co. v. Wood, 66 Kan. 613, 72 Pac. 215; M., K. & T. Ry. Co. v. Simerly, 72 Okla. 251, 180 Pac. 551.

"We think the trial court properly overruled the defendant's demurrer to the plaintiff's evidence, and that the verdict, based in part upon inferences assumed from circumstantial evidence, is binding where the inference assumed is a reasonable one although not a necessary one."

There is evidence in the record sufficient to show that the fire was caused by defendant's wires.

The defendant next contends that the amount of the verdict is not sustained by the evidence. There is competent evidence that the building was worth $800. And, when we examine the evidence as to the several items of personal property destroyed in the building, we find there is certainly proper evidence on the value of several of these items sufficient to sustain a finding for $200 on that account, and the verdict was for $1,000.

The judgment should be affirmed, and it is so ordered.

BENNETT, TEEHEE, FOSTER, and LEACH, Commissioners, concur.

By the Court: It is so ordered.