No. 30,841.

L. T. ASCHE, Administrator of the Estate of Lydia Wilson, Deceased, *Appellant,* v. A. W. MATTHEWS, Administrator of the Estate of Barton S. Wilson, Deceased, *Appellee.*

(18 P. 2d 177.)

Opinion filed January 28, 1933.

*Edgar Bennett* and *A. C. Bokelman,* both of Washington, for the appellant.

*W. D. Vance, Fred Emery,* both of Belleville, and *J. R. Hyland,* of Washington, for the appellee.

The opinion of the court was delivered by

SMITH, J.: This was an action for the recovery of money. Judgment was for defendant on a cross petition. Plaintiff appeals.

The action was brought by S. T. Asche, administrator c. t. a. of the estate of Lydia Wilson. It was filed against the Washington National Bank and sought to recover $3,603.25, which was the amount on deposit in the bank in a savings account. The bank had

refused to pay this amount because A. W. Matthews, administrator c. t. a. of the estate of Barton S. Wilson, had demanded it, claiming that it was an asset of the estate of Mr. Wilson.

Barton S. Wilson and Lydia Wilson had been husband and wife. Mrs. Wilson died on May 16, 1928. Wilson served as executor of her estate till his death on August 9, 1929, after which L. T. Asche was appointed administrator of the estate of Lydia Wilson.

The petition of appellant alleged the official character of L. T. Asche; that the money in question was on deposit with the bank; that it was an asset of the estate, and that the bank refused to pay it. The bank filed its affidavit disclaiming any interest in the fund, stating that A. W. Matthews was administrator of the estate of Barton S. Wilson. The bank asked that Matthews be directed to appear and set up his claim. Matthews' amended answer alleged his official character and denied that the fund in question was a part of the estate of Lydia Wilson. The answer further alleged that the fund was deposited as a joint account created by Barton S. Wilson and Lydia Wilson during their lifetime under an oral agreement that it belonged to both of them, and that at the death of either it should belong to the survivor, and at the death of Lydia Wilson the fund became the property of Barton S. Wilson. The answer further alleged that if it should transpire there was no enforceable contract between Barton S. Wilson and Lydia Wilson, nevertheless the fund was the result of deposits made by both Lydia Wilson and Barton S. Wilson and that during her lifetime Lydia Wilson drew out as much, if not more, than her deposits amounted to.

The case was tried to a jury. Instructions were given submitting both the questions raised by the pleadings. A general verdict was returned in favor of the defendant and cross petitioner Matthews. There were no special questions asked. Appellee in his brief abandons the theory that the account was built up by the joint deposits of both Lydia and Barton S. Wilson. He chooses to base his right to recover on the existence of the oral contract pleaded.

Appellant argues that there is no substantial evidence of any such contract. Appellee argues that the contract was proved by circumstantial evidence.

A contract such as the one pleaded here was upheld by this court in *Malone v. Sullivan*, 136 Kan. 193, 14 P. 2d 647. In that case a woman of means made a deposit in a trust company, which she declared she desired to treat as a joint account with her sister

with the right of withdrawal in each, and with the understanding that whatever remained in the fund at the death of either should belong to the survivor. In an exhaustive opinion this court held the survivor entitled to the fund.

If there is any substantial evidence to uphold the verdict of the jury, this case falls clearly within the rule announced in that case. It is clearly settled in this state that a contract may be established by circumstantial evidence. This evidence need not exclude every reasonable conclusion other than the one arrived at by the jury.

In *Railway Co. v. Wood*, 66 Kan. 613, 72 Pac. 215, this court said:

"Circumstantial evidence in a civil case, in order to be sufficient to sustain the verdict of a jury, need not rise to that degree of certainty which will exclude any and every other reasonable hypothesis. The jury are not infrequently called on to decide between two or more theories, and in doing so may exercise their own best judgment in accordance with their oath-bound consciences." (p. 616.)

In *Hashman v. Gas Co.*, 83 Kan. 328, 111 Pac. 468, in considering this question this court said:

"The fact that the result is not free from doubt or that different persons might draw different conclusions from the same testimony is not a good reason for disturbing the verdict." (p. 329.)

Both the contracting parties in this case are deceased. Since the contract relied on was an oral one it must be proved by circumstantial evidence. The question then is, whether there were circumstances enough presented to warrant the court in submitting the case to the jury.

The evidence showed that when this account was opened there were three accounts in the bank. One is admitted to be a joint savings account. It was opened August 15, 1918, and closed August 15, 1924. Another is admitted to be a joint checking account. It was opened December 27, 1915, and was active till the death of Mr. Wilson. Another was the account involved in this case. It was opened December 11, 1919. It was started by a check drawn by Mrs. Wilson for $1,200 on the joint checking account. On January 14, 1920, Mr. Wilson drew a check for $643.26 from the fund in question and deposited it in the joint checking account. On December 9, 1920, the balance of this account was checked out and deposited in the joint checking account of Mrs. Wilson. This left this account with nothing on deposit.

On December 10, 1920, Mrs. Wilson again deposited in the account in question the sum of $530. This was the proceeds of a United States certificate of indebtedness, which had been purchased out of funds in the joint checking account. On January 2, 1923, Mrs. Wilson again closed this account by transferring the balance in it to the checking account.

On May 22, 1923, Mrs. Wilson deposited $510.18 in the account in question. This amount was the proceeds of the sale of a government bond which had been purchased out of funds in the joint checking account. On January 9, 1924, the account was again closed by Mrs. Wilson when she deposited the balance of $522.14 in the joint checking account.

On March 31, 1924, a check signed by both Mr. and Mrs. Wilson for $600 was drawn against the joint checking account and deposited as a savings account. It was given the same number as the account first opened on December 11, 1919, although this account had been closed three times since it was opened. It should be noticed here that the date of depositing the last check spoken of was after the account admitted to be a joint account had been closed. From this time on the account was never closed.

All the deposits in the account in question amounted to $7,908.67. All of this except $500 came from the joint checking account. During the life of Mrs. Wilson she drew out $3,635.99. All of this except $95 was deposited in the joint checking account. After the death of Mrs. Wilson Mr. Wilson was appointed executor of Mrs. Wilson's estate. He did not list this deposit as an asset of her estate. He treated it as his own and checked on it. After the death of Mrs. Wilson Mr. Wilson was considerably upset when he learned that the records of the bank showed this savings account only in the name of his wife.

Such, in brief, is the evidence upon which the jury found by their verdict that there was a contract. It might not be persuasive enough to convince this court if it were trying the facts. It was sufficiently persuasive, however, to convince the jury and the trial court. We are unable to say that there was no substantial evidence to support the verdict.

The judgment of the trial court is affirmed.

HARVEY, J., dissenting.

THIELE, J., not participating.