No. 33,660

MAE STEPHENSON, *Appellee,* v. W. R. GRIMSHAW COMPANY, *Appellant.*

(77 P. 2d 981)

Opinion filed April 9, 1938.

*A. B. Keller, George R. Malcolm, C. A. Burnett* and *Karl K. Grotheer,* all of Pittsburg, for the appellant.

*A. H. Carl,* of Pittsburg, for the appellee.

The opinion of the court was delivered by

DAWSON, C. J.: This was an action for damages sustained by plaintiff, who tripped on a plank negligently laid across a sidewalk, which caused her to fall and injure herself.

The *locus in quo* was as follows: Pine street and Walnut street in the city of Pittsburg run north and south. Seventh street runs east

and west, intersecting Walnut and Pine streets. There is a brick or concrete sidewalk, 5 feet wide, on the south side of Seventh street in that locality.

Early in 1936 the defendant, W. R. Grimshaw Company, had undertaken the construction of a building for the water department of the city near the southwest corner of the intersection of Seventh and Pine streets. Defendant had 25 or 30 men employed, and considerable excavation work had been done. There was some testimony that dump trucks had been used to haul earth across the sidewalk, and some earth or mud lay on the sidewalk. On the premises where the excavation work was being done a considerable number of pieces of boards and planks were lying about, not far from the sidewalk.

On the evening of March 7, about 7:30, the plaintiff walked eastward on the sidewalk on the south side of Seventh street, between Walnut and Pine streets. When she arrived immediately north of where the excavation work was being done, she tripped on a plank, 12 feet long, 2 feet wide, and 2 inches thick, which was lying across the sidewalk, and which caused her to fall and sustain injuries.

Plaintiff brought this action, alleging that on March 7, 1936, defendant, through one J. L. Bridges, its agent and foreman, had negligently placed the plank across the sidewalk; that while exercising due care she came along the sidewalk about 7:30 p. m.; that there was no light or signal thereabout; and that she caught her left foot and ankle on the plank, which caused her to fall and sustain injuries which her petition particularized.

Issues were joined and the cause was tried before a jury. In addition to the facts summarized above, there was evidence that where plaintiff fell the sidewalk was "very dirty," and also muddy because of recent rain, and that at the time it happened it was dark.

Plaintiff testified to the extent and severity of her injuries, but that she continued to work at her employment (at a WPA sewing room) for several weeks, but eventually, about the last of April, she called on Bridges, defendant's foreman, and told him of her injuries, and asked if his company could do anything for her. Bridges expressed his regret that she had waited so long before she told him; and said that if he had known it sooner he could have investigated the matter; but he told her to report to Doctor Kiehl at the Community hospital, which she did.

Defendant demurred to plaintiff's evidence on the ground that it

wholly failed to sustain the specific allegations of negligence charged in plaintiff's petition—that there was no evidence that Bridges had placed the plank across the sidewalk and no evidence that it had been so placed by defendant or by any agent or employee of it. This demurrer was overruled. So also was defendant's motion for a directed verdict.

Certain instructions given by the court were not complained of, and so became the law of the case. (*Burns v. Hunter*, 126 Kan. 736, 271 Pac. 398; *Winston v. McKnab*, 134 Kan. 75, 4 P. 2d 401; *Thogmartin v. Koppel*, 145 Kan. 347, 65 P. 2d 571.) These read:

"15. The mere receipt of an injury is never evidence of negligence. In this case the mere fact that plaintiff received certain injuries, if you find that she did receive any injuries by falling on the sidewalk, is not evidence of negligence on the part of defendant.

. . . . . . . . . . . . . . . .

"22. If you find from a preponderance of the evidence in the case that the plaintiff was injured on or about March 7, 1936, at the place alleged in her petition and that her injuries and damages, if any, were caused by the negligence alleged by her which is in substance that a board or plank as described in her petition was placed across said sidewalk by J. L. Bridges, an agent and servant of the defendant, that is to say, if you find that the plaintiff was injured by the negligence and carelessness of the defendant and you find that her injuries and damages were caused by her falling over a board placed on said sidewalk by J. L. Bridges, and that there was no contributory negligence on the part of plaintiff that contributed to or helped cause her injuries, then your verdict should be for the plaintiff. But if you do not so find your verdict should be for the defendant."

The jury returned a general verdict for plaintiff in the sum of $896.50, and answered special questions thus:

"1. Was there a board as described in plaintiff's amended petition, across the sidewalk in question, at a place about forty feet east of the alley running north and south from Sixth street to and through Seventh street, at the time plaintiff claims she fell and was injured? A. Yes.

"2. If you have answered the above question in the affirmative, then state when said board was placed across said sidewalk. A. Sometime before 7:30 p. m., March 7, 1936.

"3. If you have answered question numbered one in the affirmative, then state whether or not you can find from the evidence in this case what person it was that placed said board across said sidewalk. A. No.

"5. If you find for the plaintiff, then state whether or not you do so find because from the evidence you believe said board was carelessly and negligently placed across said sidewalk. A. Yes.

"7. Were there six electric lights at a distance of approximately one hundred eighty to two hundred feet from the place the plaintiff claims to have fallen at the time the plaintiff claims to have fallen? A. Yes."

Defendant filed a motion for judgment on the answers to the special questions notwithstanding the general verdict. Plaintiff filed a motion for a new trial, but later withdrew it, and defendant's motion for judgment on the jury's special findings was overruled. Judgment was entered on the general verdict; hence this appeal.

Defendant contends that its demurrer to plaintiff's evidence should have been sustained because it wholly failed to prove that the plank which lay across the sidewalk had been placed there as alleged in plaintiff's petition, and likewise failed to show that defendant directly or indirectly or through its foreman, employees, or otherwise, had caused it to be laid across the sidewalk. Based on the same asserted want of evidence defendant also contends that it was entitled to a peremptory instruction to the jury in its favor.

The majority of this court decline to sustain either of these contentions. It holds that the circumstances were sufficient to warrant an inference that defendant, through its agent or employees, in the course of the excavation work being done nearby had placed the plank on the sidewalk for defendant's purposes and had negligently left it there at quitting time on March 7, 1936.

In support of such theory of the evidence, counsel for the appellee cites *Railway Co. v. Wood,* 66 Kan. 613, 72 Pac. 215; *Hashman v. Gas Co.,* 83 Kan. 328, 111 Pac. 468; *Cracraft v. Wichita Gas Co.,* 127 Kan. 741, 275 Pac. 164; *Supica v. Armour & Co.,* 131 Kan. 756, 293 Pac. 483; *Asche v. Matthews,* 136 Kan. 740, 18 P. 2d 177. The gist of all these cases is that circumstantial evidence may be quite sufficient to support a cause of action for damages and to permit a recovery thereon.

Defendant also contends that it was entitled to judgment *non obstante* on the jury's special findings. The majority of this court hold otherwise. The findings are not absolutely inconsistent with the general verdict; therefore it cannot be nullified; nor can the judgment based thereon be set aside.

The judgment is affirmed.

DAWSON, C. J. (dissenting): It is quite correct, of course, that a civil action for damages can be sufficiently maintained by circumstantial evidence. But it cannot be sufficiently maintained by guess, surmise, or mere conjecture. (*Ogg v. Ogg,* 124 Kan. 443, 446, 260 Pac. 647.) There was no evidence, direct or circumstantial, which tended to show that defendant or anybody in its employ laid the

plank across the sidewalk. And certainly the probability that somebody in defendant's employ had laid the plank there was not the only reasonable conclusion deducible from the circumstances. I accept as true the plaintiff's own testimony that earth presumably from defendant's excavation work had been trucked across the sidewalk, notwithstanding that testimony was strongly refuted by the physical evidence that the "spoil bank" of earth taken from the excavation was placed on the south side of it, and that it would have served no purpose of defendant to truck it northward across the sidewalk where plaintiff was injured.

The jury had to guess that defendant had placed that plank across the sidewalk to facilitate the trucking. The jury also had to assume that the plank had been left on the sidewalk when defendant's employees quit work for the day—probably 2½ hours before the accident happened, at that time of year. The jury also had to assume that no other person placed the plank across the sidewalk between defendant's quitting time and the time when plaintiff came along and tripped on it at 7:30 p. m. This calls for too many guesses, inferences and assumptions to support the judgment. In *Hendren v. Snyder,* 143 Kan. 34, 53 P. 2d 472, there was an appeal to this court from a verdict and judgment for damages for personal injuries. The main question was the sufficiency of the evidence to support the verdict. In holding that it did not, this court used language and cited cases which are highly pertinent here:

"We find nothing in the evidence but speculation upon which to predicate liability of defendant. The simple fact that there was a collision and someone was injured is not of itself sufficient to predicate liability. (*Zinn v. Updegraff,* 113 Kan. 25, 35, 213 Pac. 816; 9 Blashfield Cyclopedia of Automobile Law, 399.) It is familiar law that negligence is never presumed; it must be established by proof. Like any other fact, it may be established by circumstantial evidence. (*Mayes v. Kansas City Power & Light Co.,* 121 Kan. 648, 249 Pac. 599.) But the circumstances 'relied on must be of such a nature and so related one to the other that the only reasonable conclusion to be drawn therefrom is the theory sought to be established.' (*Cornwell v. O'Connor,* 134 Kan. 269, 271, 5 P. 2d 861.) 'A fact is not proven by circumstances which are merely consistent with its existence.' (*Canestro v. Joplin-Pittsburg Rld. Co.,* 135 Kan. 337, 341, 10 P. 2d 902.)

"In *Whiteker v. Wichita Rld. & Light Co.,* 125 Kan. 683, 265 Pac. 1103, it was held:

" 'A finding of negligence cannot rest on mere conjecture, but must be established by competent proof.' (Syl. ¶ 1.)

"See, also, *Beeler v. Railway Co.,* 107 Kan. 522, 192 Pac. 741; *Norman v. Railway Co.,* 101 Kan. 678, 168 Pac. 830, and *A. T. & S. F. Rly. Co. v. Toops,*

281 U. S. 351, reversing *Toops v. Atchison, T. & S. F. Rly. Co.*, 128 Kan. 189, 277 Pac. 57." (p. 41.)

I therefore dissent.

THIELE, J. (dissenting): I concur in the dissent for the reasons stated, and also for the following reason: The petition alleged the negligent act to be that of the foreman and agent Bridges. The trial court so instructed and that became the law of the case. The answer to special question No. 6 was that the jury could not state who placed the board across the sidewalk. Under the allegations of the petition and the law of the case, if Bridges did not place the board the defendant was not liable. Judgment should have been rendered for defendant *non obstante veredicto*.

WEDELL, J., joins in both dissents.