## STANDARD OIL CO. OF INDIANA v. SULLIVAN*
### (No. 1292; June 25, 1925; 237 Pac. 253)

WORKMEN'S COMPENSATION LAW — MASTER AND SERVANT — WHEN FINDINGS CONCLUSIVE—"PERMANENT TOTAL DISABILITY."

1. An award under the Workmen's Compensation Law cannot be said to be conjectural, or unsupported by evidence, merely because evidence on which based might have justified different finding.

2. The rule that an appellate court will not disturb finding of trial court, if there is any substantial evidence to support it, applies to contests under Workmen's Compensation Law.

3. In proceeding under Workmen's Compensation Law, evidence *held* to support finding that disability resulted from blow on head.

4. Aside from injuries specifically described in Comp. St. 1920, § 4334, award for permanent total disability should not be made, unless it appears pretty clearly that affliction will not yield to treatment, and that workman will never be able to work at any gainful occupation, and unless it so appears award should be for temporary total disability, under Laws 1921, c. 138, § 6.

*See Headnotes (1) Workmen's Compensation Acts, C. J. p. 115; (2) Workmen's Compensation Acts, C. J. p. 122; (3) Workmen's Compenastion Acts, C. J. p. 115; (4) Workmen's Compensation Acts, C. J. p. 94.

ERROR to District Court, Natrona County; ROBERT R. ROSE, Judge.

Proceedings by Dennis Sullivan against the Standard Oil Company of Indiana for recovery of benefits under the Workmen's Compensation Law. From finding of permanent total disability and an award accordingly the employer brings error.

*Hagens & Murane* for plaintiff in error.

The burden of proof is on petitioner to show that the injury arose out of, and in the course of employment; Craske v. Wigan, 2 K. B. 635 (Eng.) ; Pomfret v. Lancashire etc. Ry., 2 K. B. 718 (Eng.) ; McNichols Case, 102 N. E. 697 (Mass.) ; Reed v. Great Western Ry., 2 B. W. C. C. 109 (Eng.) ; Cronin v. Silver, 4 B. W. C. C. 221 (Eng.) Charvil v. Mauser, 5 B. W. C. C. 385 (Eng.); Dragovich v. Iroquois Iron Co., 109 N. E. 999 (Ill.) ; In Re King, 107 N. E. 959 (Mass.) McCoy v. Michigan Screw Co., 147 N. W. 572 (Mich.) ; Hills v. Blair, 148 N. W. 243 (Mich.) ; Bryant v. Fissell, 86 Atl. 458 (N. J.) Renners v. Proctor Pub. Co., 89 Atl. 931 (N. J.) ; if the evidence be consistent with some other theory petitioner cannot recover; In Re Sponatcki, (Mass.), 108 N. E. 466; Fink v. Co. (Pa.) 113 Atl. 666; Spring Canon Coal Co. v. Com. (Utah) 201 Pac. 173; Caudier v. Sterns Co. (Mich.) 173 N. W. 198; Wilson v. Co. (Mich.) 167 N. W. 839 ; Tazewell Coal Co. v. Com. (Ill.) 143 N. E. 406; Springfield v. Com. (Ill.) 135 N. E. 792;

if disability results from progressive disease and evidence does not support finding that injury was received in the course of employment, compensation should be denied; Citizens C. M. Co. v. Com. (Ill.) 141 N. E. 134; the right to recover must be based on something more than a guess; Pioneer v. Hardesty (Ind.) 133 N. E. 398; Chicago Daily News v. Com. (Ill.) 137 N. E. 797; Joseph v. United Kimona Co., 185 N. Y. S. 700; there must be substantial evidence to support the claim; M. C. & Gas Co. v. Com. (Wis.) 151 N. W. 245; International Harvester Co. v. Com. (Wis.) 147 N. W. 53; Voelz v. Com. (Wis.) 152 N. W. 830; Chief Con. Min. Co. v. Salisbury, (Utah) 210 Pac. 929; Slack v. Percival Co. (Ia.) 199 N. W. 323; Decatur Con. Co. v. Com. (Ill.) 129 N. E. 738; Englebretson v. Com. (Calif.) 151 Pac. 421; McNeill v. Lbr. Co. (Idaho) 203 Pac. 1068.

*Bullack & Lacy* for defendant in error.

Proof of facts furnishing a reasonable basis for belief that the injury was the cause of what followed, justifies recovery; Hogan v. Amusement Co. (Minn.) 193 N. W. 122; even if claimant had been suffering from a dormant ailment which was aggravated by the injury to cause disability, he can recover; Milwaukee v. Com. (Wis.) 151 N. W. 247; Gelchrist v. Rengler (Nebr.) 190 N. W. 576; Hansen v. Dickenson, (Ia.) 170 N. W. 823; Rainbow v. Co. (Mich.) 158 N. W. 1027; Monroe v. Co. (Conn.) 50 Atl. 490; Heilman Co. v. Schultz (Wis.) 152 N. W. 466; if injury occurred while engaged in employment, the burden is on the employer; Papinaw v. R. Co. (Mich.) 155 N. W. 545; findings made by the trial court are conclusive, if supported by any evidence; Lynch v. Crown S. S. Co., S. C. 695, 53 Scot; L. R. 575 (1916) W. C. & Ins. Rep. 194; Chicago Dry Klin Co. v. Board (1916) Ill. 114, N. E. 1009; Re Cox (1916) (Mass.) 114 N. E. 281; Winter v. Atkinson-Frizelle Co. (1915) 88 N. J. 801, 96 Atl. 360; Tirre v. Bush Co. (1916) 172 App. Div. 386 158 N. Y. Supp. 883, 12 N. C. C. A. 64; even though the evidence be controverted; Suburban Ice

Co. v. Bd. (Ill.) 113 N. E. 979; In Re Uzzio (1917) (Mass.) 117 N. E. 349; Wm. Raher Co. v. Com. (Ill.) 163 N. W. 169.

KIMBALL, Justice.

This is a case under the Workmen's Compensation Law. The workman, Dennis Sullivan, 47 years of age, was injured February 13, 1924, by a blow on the head which cut the scalp, but did not fracture the skull. It is conceded that the injury occurred in the course of employment controlled by the Workmen's Compensation Act. The contested issue on the hearing was whether the workman's disability had been caused by the injury. The district judge who heard the case without a jury found that the workman was permanently, totally disabled as the result of the injury of February 13, 1924, and made an award accordingly. The employer brings the case here by proceeding in error.

While the employer did not admit the total disability of the workman, that fact was clearly established. At the hearing, which was had December 18 to 22, 1924, all the physicians who testified agreed that the workman was then totally disabled, and there can be no doubt that the trial judge was warranted in believing that such disability had continued since about May 3. This leaves for our consideration only two questions, first, whether the disability was the result of the injury to the workman's head, and, second, whether the disability was shown to be permanent.

The employer claims that the finding that the disability was caused by the injury is not supported by sufficient evidence, but is the result of a mere conjecture. It is conceded that the burden is on the workman to prove that his disability is the result of the accident, and the authorities upon which the employer relies are cases holding that there must be some substantial competent evidence to warrant the trier of the fact to draw the inference necessary as the basis of the award. A few of these cases are: McCoy vs. Michigan Screw Co., 180 Mich. 454, 147 N. W. 572; L. R. A. 1916 A. 323; Voelz v. Industrial Com., 161 Wis. 240, 152 N. W. 830;

Reimers v. Proctor Pub. Co., 85 N. J. L. 441, 89 A 931; Englebrelson v. Industrial Acc. Com., 170 Calif. 793, 151 P. 421; Spring Canyon Coal Co. v. Industrial Com., 58 (Utah) 608, 201 Pac. 173. When it is said that an award cannot be made on a mere conjecture, it is of course not meant that the finding on which the award is based is unsupported by the evidence merely because the trial court might have been justified in making a different finding. The evidence in nearly all cases involving issues of fact will warrant different inferences, and when the trier of the fact has made his finding, the appellate court will not disturb the finding if there is any substantial evidence to support it. This rule has been so frequently announced by this court in other classes of cases that we need cite no authority. The rule applies to contests under Workmen's Compensation Laws. Milwaukee Coke & Gas Co. v. Industrial Com., 160 Wis. 247, 151 N. W. 245; Bryant v. Ferrell, 84 N. J. L. 72, 86 A. 458.

In this case we think there was substantial evidence to support the finding that the blow on the head resulted in the disability. At the time of the injury the workman was employed as a boiler-maker. He had been engaged in that or similar work for several years, and before the injury had worked steadily, showing no symptoms of physical weakness. He had been injured by blows on the head several years before, but the evidence shows that he had fully recovered therefrom. After the injury of February 13, 1924, he has suffered from frequent bleeding at the nose, headaches and dizziness with occasional fainting spells referred to as "fits." When he resumed work shortly after the injury in question it was soon found that he was unable to continue his work as boiler-maker. He was then put at easier tasks which he tried to perform until about May 3 when it became apparent that he could not continue to work. The foregoing facts were either proved without substantial contradiction or admitted.

From the time of the injury until May 3 the workman was examined by several physicians who were witnesses for the employer. On May 3 he went under the care of Doctor Johnson who continued to treat him until the time of trial, and testified in his behalf at the hearing. The testimony of this physician was to the effect that the workman was suffering from Jacksonian epilepsy caused by the blow on the head. It was his opinion that the injury to the skull by the blow had caused a thickening of the covering of the brain resulting in the epileptic condition.

The physicians who testified in behalf of the employer were of the opinion that the disability was the result of hardening of the arteries, which, they testified, was not caused by the accident, but by some other cause or causes that could not be definitely determined. Another physician appointed by the court to examine the workman at the time of the hearing was unable to say whether or not the disability was caused by the accident.

The evidence as to the workman's change at the time of the accident from a healthy man able to do hard physical work to a condition of total disability is difficult to explain on the theory advanced by the employer's witnesses, for there was evidence that hardening of the arteries is usually a slowly progressive disease. In view of the fact that it is not our province to weigh the evidence, we cannot say that the trial court was not justified in holding that the opinion of Doctor Johnson was correct, and, with the other evidence in the case, a sufficient basis for the award.

We are of opinion, however, that the award, for the time at least, should have been for temporary total disability instead of permanent total disability.

Permanent total disability is defined by paragraph (b), Sec. 4334, Wyo. C. S. 1920, as:

"the loss of both legs or both arms, one leg and one arm, total loss of eyesight, paralysis or other condition permanently incapacitating the workman from performing any work at any gainful occupation."

Temporary total disability is defined by paragraph (c) of the same section, as amended by Sec. 6, c. 138, Laws 1921, as:

"an injury which though it may result, or does result in a permanent total or partial disability, temporarily incapacitates the injured person from performing any work at any gainful occupation for the time, but from which injury such person may recover by medical or surgical treatment and be able to resume work."

An award for permanent total disability is paid in a lump sum. An award for temporary total disability is a monthly amount not to exceed $90 a month but the total payments cannot exceed in the aggregate the lump sum specified to be paid for injuries causing permanent total disability. Sec 4334, supra. Except in the cases of permanent total disability that are specifically described in the statute, we believe a total disability should not be declared to be permanent unless it appears pretty clearly that the affliction will not yield to treatment, and that the workman will never be able to work at "any gainful occupation."

If, in doubtful cases, the award is for permanent disability and compensation made by the payment of the lump sum, and it should afterwards turn out that the workman's earning power may be wholly or partly restored, it will be impossible in most cases to correct the mistake. If, on the other hand, the allowance is for temporary disability, and it should afterwards appear that the condition is permanent, the award may be changed. Even if the award for temporary disability be allowed to stand indefinitely the workman will in most cases be as well provided for as by a lump-sum allowance of the same total amount.

While, as we have said, there is no ground for questioning the finding that the workman in this case is totally disabled, we believe the evidence is insufficient to support the finding that he may not recover by medical or surgical treat-

ment so as to be able at some future time "to resume work" at some "gainful occupation."

The judgment of the district court will be reversed and the cause remanded with instructions to enter a modified order of award allowing compensation for temporary total disability at the rate provided by law from May 3, 1924, the date when the workman was dropped from the employer's payroll.

*Reversed and Remanded.*

POTTER, Ch. J., and BLUME, J., concur.