H. W. ROSS LUMBER COMPANY, Respondent, v. SIOUX FALLS BUILDING & LOAN ASS'N, Appellant.

(213 N. W. 946.)

(File No. 5945.   Opinion filed May 19, 1927.)

1. **Building and Loan Associations—Contract by Building and Loan Association for Purchase of Lumber for Borrower's House Held Not Ultra Vires.**

    Contract by building and loan association for purchase of lumber for borrower's house held not ultra vires, where it chose to withhold proceeds and to see that they were expended on building, and managing agent consented to having materials charged to association.

2. **Appeal and Error—Where Defendant Introduced Exhibits to Attack Credibility of Plaintiff's Witnesses Collaterally, Admission of Irrelevant Evidence as to Dates and Signatures Held Not Prejudicial Error.**

24—Vol. 51, S. D.

. Where defendants brought exhibits into case in attempt to attack credibility of plaintiff's witnesses on collateral issue, admission of questions on redirect examination as to dates of execution and authenticity of signatures, though irrelevant and immaterial, held not prejudicial error.

3. **Appeal and Error—Trial Court's Instructions, Not Objected To, Are "Law of Case."**

Where no error was assigned in giving of court's instructions to jury, such instructions are law of case.

4. **Appeal and Error—Verdict on Conflicting Evidence Will Not Be Disturbed.**

Where evidence was conflicting, jury's verdict on evidence which, if believed, amply supported it will not be disturbed.

---

Note. — See, Headnote (1), American Key-Numbered Digest, Building and loan associations, Key-No. 24, 9 C. J. Sec. 73 (Anno.); (2) Appeal and error, Key-No. 1050(2), 4 C. J. Sec. 2952; (3) Appeal and error, Key-No. 853, 3 C. J. Sec. 1471; (4) Appeal and error, Key-No. 1002, 4 C. J. Sec. 2836.

As to scope of rule as to "Law of the Case" see 2 R. C. L. 224; 1 R. C. L. Supp. 459; 4 R. C. L. Supp. 95; 5 R. C. L. Supp. 84; 6 R. C. L. Supp. 79.

Findings of trial court on conflicting evidence not disturbed on appeal, see 2 R. C. L. 194; 1 R. C. L. Supp. 433; 4 R. C. L. Supp. 90; 5 R. C. L. Supp. 79; 6 R. C. L. Supp. 73.

On the matter of instructions to juries, see Bancroft's Code Practice and Remedies, Vol. 2, pg. 1923.

Appeal from Circuit Court, Minnehaha County; Hon. John T. Medin, Judge.

Action by H. W. Ross Lumber Company against the Sioux Falls Building & Loan Association. From a judgment for the plaintiff and an order denying a new trial, defendant appeals. Affirmed.

*S. K. Grigsby,* of Sioux Falls, for Appellant.

*Boyce, Warren & Fairbank,* of Sioux Falls, for Respondent.

MORIARTY, C. Both parties to this action are corporations.

The respondent, H. W. Ross Lumber Company, which was plaintiff in the trial court, brought the action to recover of the appellant, Sioux Falls Building & Loan Association, as defendant, the sum of $1,949.65 alleged to be due to said plaintiff from said defendant for a certain bill of lumber and building materials. The case was tried to a jury, which returned a verdict for the plaintiff

for the full amount of its claim.  From a judgment entered upon said verdict and from an order denying a new trial this appeal is taken.

The following facts are undisputed:  During the year 1923 William T. Torrey was the secretary and general manager of the defendant corporation.  During the month of May, 1923, one Charles F. Morgan arranged with Torrey for a loan of $2,500 from the defendant corporation.  This loan was secured by a mortgage on a lot in Sioux Falls, upon which a house was to be erected for Morgan.  Torrey retained the $2,500 and paid it out for building costs on checks of the defendant corporation.  Torrey negotiated with one Kirk for the erection of the house.  The lumber for the building was furnished by the plaintiff corporation, and it is undisputed that the amount of the bill is correct and that it has not been paid.

The $2,500 due Morgan on the loan and retained by Torrey, as above stated, was paid out on bills and orders O. K.'d by Kirk, and all the cost of the building except plaintiff's material bill and about $19 due to Kirk was thus paid.

There was only one material question of fact upon which there is a conflict of evidence.

Thomas D. Foster testified that he was sales manager of the plaintiff corporation during the year 1923.  Mr. Foster further testified as follows:  Kirk furnished Foster with a bill of materials for the Morgan house and told him that he was building the house for the Sioux Falls Building & Loan Association.  Foster gave Kirk a bid of $2,015 on the estimate.  Kirk accepted the bid and signed an order for $2,015, directing the Sioux Falls Building & Loan Association to pay that amount to the H. W. Ross Lumber Company.  Foster took this order to Torrey and asked him to accept it on behalf of the defendant corporation.  Torrey said it was all right but he did not like to sign a written acceptance.  He said that he would see that the bill was paid.  Foster left a copy of the order with Torrey and told him that he would furnish the lumber and charge it to the Sioux Falls Building & Loan Association.  Torrey said that would be all right.  Foster, acting for the plaintiff lumber company, sent the materials to the lot where the house was being built and charged them to the defendant corpora-

tion. After his first talk with Torrey, Foster went to Torrey with an order for $1,000 signed by Kirk and asked for a payment on the bill. Torrey said he was expecting a payment of $2,000 from Morgan, but Morgan's money had not yet arrived, and that the bill would be taken care of soon. Foster completed the delivery of the material, charging it to the defendant corporation, as before.

Torrey denied that he had ever told Foster that the defendant corporation would take care of the material bill or that the materials might be charged to the defendant.

The evidence of Kirk and Morgan tends to corroborate that of Foster, and the books and sales slips produced by the plaintiff show that the original charges were to the defendant.

In its assignments of error appellant presents three contentions: First, that any contract by the defendant for the purchase of lumber for Morgan's home would be ultra vires and void. Second, that the trial court committed reversible error in its rulings on the admission of evidence. Third, that the evidence is insufficient to support the verdict.

[1]    As to the first contention, while it may be true that the Building & Loan Association is not authorized to purchase lumber for building houses, the making of loans for building is its principal business, and if, in conducting that business, it chooses to hold the proceeds of a loan and see that such proceeds are actually expended on the building, it has the same right to assume the liability for one bill as it has to pay another.

Under the circumstances which are admitted to have existed when the materials were being furnished, the plea of ultra vires could not protect the appellant from liability, if its managing agent consented to the materials being furnished and charged to appellant.

[2]    As to the rulings of the trial court upon the admission of evidence, the defendant's counsel in his cross-examination of some of plaintiff's witnesses identified certain written exhibits. On redirect examination plaintiff's counsel asked these witnesses certain questions as to the date of execution of these exhibits and the authenticity of the signatures thereto. To these questions defendant's counsel objected on the ground that they called for irrelevant and immaterial evidence.

The evidence called for was irrelevant and immaterial, for it was not claimed that notice of the existence of these exhibits was ever brought to the plaintiff. But defendant brought the exhibits into the case in an attempt to attack the credibility of plaintiff's witnesses on a collateral issue. The questions on redirect merely sought to meet that attack by further inquiry. Under the circumstances there was no prejudice in the admission of this evidence.

[3] At to the sufficiency of the evidence to support the verdict, no error is assigned in the giving of the court's instructions to the jury. Those instructions are the law of the case, and they submitted squarely the proposition that if, before the materials were furnished, the defendant agreed to pay the bill for the materials furnished by the plaintiff, and consented that the materials should be charged to the defendant, and that they were charged to the defendant and to no one else, and that the plaintiff relied upon said promise and delivered the building material as claimed by the plaintiff, then the verdict should be for the plaintiff, but that if the jury found that these things were not true, then the verdict should be for the defendant.

[4] The evidence as to these matters was conflicting, but the jury found for the plaintiff upon evidence which, if believed by them, amply supports the verdict.

Under such circumstances the verdict and judgment will not be disturbed by this court. Morrow v. Quinn-Shepherdson Co., 48 S. D. 477, 205 N. W. 38; State ex rel Bly v. Wold, 48 S. D. 242, 203 N. W. 508, and numerous cases there cited.

The judgment and order appealed from are affirmed.

CAMPBELL, P. J., and POLLEY and BURCH, JJ., concur. GATES and SHERWOOD, JJ., not sitting.