No. 33,660·

MAE STEPHENSON, *Appellee*, v. W. R. GRIMSHAW COMPANY, *Appellant*.

(83 P. 2d 655)

Opinion
on rehearing filed November 5, 1938. ▮▮▮ (For original opinion of
affirmance see 147 Kan. 532, 77 P. 2d 981.)

*A. B. Keller, George R. Malcolm, C. A. Burnett* and *Karl K. Grotheer,* all of
Pittsburg, for the appellant.

*A. H. Carl,* of Pittsburg, for the appellee.

The opinion of the court was delivered by

DAWSON, C. J.: This is a rehearing. (*Stephenson v. W. R. Grimshaw Co.,* 147 Kan. 532, 77 P. 2d 981.)

The facts of the case and of its disposition in the district court are narrated at length in our first opinion, and a brief summary thereof will suffice for its present disposition.

Plaintiff charged that defendant, through one J. L. Bridges, its agent and foreman, had negligently placed a plank across a sidewalk in Pittsburg near the place where defendant was doing some excavation work for the erection of a building. She alleged that she tripped over the plank as she walked along the sidewalk on the evening of March 7, 1936, about 7:30 p. m.

At the close of plaintiff's evidence in support of the allegations of her petition, defendant demurred thereto on the ground that it wholly failed to sustain the specific allegation of negligence charged in her petition.

This motion was overruled, as was likewise defendant's motion for a directed verdict.

The jury returned a general verdict for plaintiff and answered certain questions set out in our original opinion, only three of which need be repeated here. These read:

"2. . . state when said board was placed across said sidewalk. A. Sometime before 7:30 p.m., March 7, 1936.

"3. . . state whether or not you can find from the evidence in this case what person it was that placed said board across said sidewalk. A. No.

. . . . . . . . . . . . . . .

"5. If you find for the plaintiff, then state whether or not you do so find because from the evidence you believe said board was carelessly and negligently placed across said sidewalk. A. Yes."

Defendant's motion for judgment on the special findings, *non obstante*, was overruled.

The errors pressed on our attention pertain to the trial court's ruling on the demurrer to plaintiff's evidence and to its ruling on defendant's motion for judgment.

The contention of defendant's counsel at the first hearing was and continues to be that there was not a scintilla of evidence which tended to prove plaintiff's specific allegation "one J. L. Bridges," defendant's "agent and foreman," had placed across the sidewalk the board or plank on which plaintiff tripped and fell. That contention was sustained by the jury's special finding No. 3.

On mature reflection a majority of this court has at length come to the view that plaintiff's evidence was insufficient to sustain the allegations of her petition. A majority of the court likewise hold that the court's instruction 22, printed in full in our original opinion, became the law of the case, and the jury's special finding No. 3 which conformed to that instruction was in simple justice a complete acquittal of J. L. Bridges of negligently laying the plank or board across the sidewalk.

It was not alleged in the petition nor hinted at in the trial nor in the argument on appeal that some other employee of defendant might have laid the plank across the sidewalk. Any inference to that effect, in the opinion of a majority of this court, would be unwarranted. Certainly it was not the only inference which could be deduced from the circumstances.

The judgment of the district court is reversed, and the cause remanded with instructions to enter judgment for defendant.

HARVEY, HUTCHISON and SMITH, JJ., dissenting.