[No. 32574. Department One. October 30, 1953.]

HERMIE ROSE NOLAND, *Respondent,* v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Appellant.*[1]

*The Attorney General* and *Walter F. Robinson, Jr., Assistant,* for appellant.

*Walthew, Oseran & Warner,* for respondent.

HILL, J.—Only one issue is presented on this appeal: Was there substantial evidence to sustain the finding of the jury that, at the time a workman who had sustained an industrial injury on October 22, 1927, died on March 25, 1947, he was totally and permanently disabled as a result of the industrial injury? If that finding is sustained by such evidence, his widow is entitled to the pension which was awarded to her

[1]Reported in 262 P. (2d) 765.

by the verdict of the jury and the judgment thereon from which this appeal is taken.

The workman, whose claim was closed within a few years after his injury with an allowance for permanent partial disability, applied September 23, 1946, for the reopening of his claim on the basis of aggravation. He died of pulmonary tuberculosis while that application was pending. His widow then applied for a pension; her application was denied, and she appealed to the superior court.

It is conceded that she is entitled to a pension: (a) if the industrial injury sustained by her husband was a proximate cause of his death (Laws of 1941, chapter 209, § 1 (a) (1), p. 625; Rem. Supp. 1941, § 7679 (a) (1)); (b) if, irrespective of the cause of death, her husband was totally and permanently disabled at the time of his death and the industrial injury was a proximate cause of that disability (Laws of 1941, chapter 209, § 1 (c), p. 627; Rem. Supp. 1941, § 7679 (c)).

. Dr. Herbert W. Johnson testified that it is likely that an aggravation of the injured workman's tuberculosis occurred because of his injury; that, "on the basis of the health depleted by that severe injury . . . an aggravation of tuberculosis was produced"; and that "the accident was a contributing cause to the aggravation of the tuberculous infection which this man had."

While there was testimony by another doctor that the 1927 industrial injury could not have been the cause of the tuberculosis from which the workman died in 1947, the jury was entitled to believe Dr. Johnson, and apparently did.

If the jury believed Dr. Johnson's testimony, it seems to us that, under the instructions given, a verdict for the widow was inevitable. (Lest there be a wild rush to copy these instructions for use in subsequent cases, we hasten to add that we do not, here and now at least, give them our imprimatur.) The department of labor and industries took exception to some of these instructions but has assigned no error thereon, presumably because there was some reason for the trial judge to believe that the challenged instructions had been agreed upon.

■ No assignments of error being directed to any of the instructions, they became the law of the case on this appeal, and the sufficiency of the evidence to sustain the verdict is to be determined by the application of the instructions and rules of law laid down in the charge. *Tonkovich v. Department of Labor & Industries,* 31 Wn. (2d) 220, 225, 195 P. (2d) 638 (1948); *H. W. Ross Lbr. Co. v. Sioux Falls Bldg. & Loan Ass'n,* 51 S. D. 369, 213 N. W. 946 (1927); *Wood v. Quillin,* 167 Va. 255, 188 S. E. 216 (1936); *Stephenson v. W. R. Grimshaw Co.,* 148 Kan. 466, 83 P. (2d) 655 (1938); *Fidelity & Cas. Co. v. Minneapolis Brewing Co.,* 214 Minn. 436, 8 N. W. (2d) 471 (1943); *F. W. Woolworth Co. v. Carriker,* 107 F. (2d) 689, 692 (1939).

The department argues that no aggravation subsequent to the original closing of the claim of the injured workman was established by departmental order. If the establishment of aggravation by that method was material, an instruction to that effect should have been requested; none was requested or given.

In *McFarland v. Department of Labor & Industries,* 188 Wash. 357, 367, 62 P. (2d) 714 (1936), construing similar language in an earlier statute, we said:

"If the injured workman whose status has been fixed by the department or by the court as one of permanent partial disability is thereafter, as the result of the injury, rendered permanently and totally disabled, those facts may be established by the widow, and when so established, in conjunction with the other necessary essentials prescribed by the statute, make a case for the allowance of a widow's pension. Upon the authority of the *Beels* case. [178 Wash. 301, 34 P. (2d) 917 (1934)], we hold that, in proceedings to obtain a widow's pension, it may be shown that the workman, at the time of his death, was, in fact, laboring under permanent total disability, as defined by the statute; and that, if such permanent total disability is the proximate result of the injury, the widow is entitled to a pension."

The trial court here followed the *McFarland* case.

The department asserts that the answers of the jury to two of the interrogatories propounded were inconsistent.

It is conceded that the immediate cause of the death of the injured workman was pulmonary tuberculosis; and it is contended that, if he was totally and permanently disabled at the time of his death, it was because of the tuberculosis. The jury answered in the affirmative an interrogatory as to whether the industrial injury was a proximate cause of the total and permanent disability, thus indicating, so the department argues, that it believed that the injury was a proximate cause of the tuberculosis. In that event, the department says, the jury logically must find that the industrial injury was a proximate cause of the workman's death; yet it answered in the negative the interrogatory as to whether the industrial injury was a cause of death.

Jurors are not necessarily skilled logicians. They may have reasoned that death was certain to occur irrespective of the industrial injury, whereas the total and permanent disability would not have occurred if there had been no injury. Moreover, it seems to us that, under the definition of "total and permanent disability" given the jury, it might have concluded that such disability existed entirely apart from the tuberculosis. In any event, the claimed inconsistency in the answers of the jury to the interrogatories would entitle the department to no more than a new trial. Its only assignment of error is the failure to grant its motion for judgment notwithstanding the verdict, and the granting of that motion is the only relief requested.

There being substantial evidence to sustain the finding of the jury that the workman's total and permanent disability at the time of his death was a result of his industrial injury, the judgment is affirmed.

GRADY, C. J., MALLERY, WEAVER, and OLSON, JJ., concur.