[No. 33421.   Department One.   May 10, 1956.]

ARIA A. HIATT, *Respondent*, v. THE DEPARTMENT OF LABOR
AND INDUSTRIES, *Appellant.*[1]

*The Attorney General* and *William C. Hallin, Assistant,*
for appellant.

*Bassett, Geisness & Vance,* for respondent.

[1]Reported in 297 P. (2d) 244.

SCHWELLENBACH, J.—This is an appeal from a judgment reversing an order of the board of industrial insurance appeals and granting a widow's pension.

October 1, 1950, Ned Hiatt sustained injuries to his right shoulder and a compression fracture of his spine while in the course of extrahazardous employment. A claim was timely filed. He received treatment for his injuries at the Seattle General Hospital. After his discharge from the hospital on October 23, 1950, and while convalescing, he suffered a fatal heart attack at the home of a friend, on November 26, 1950.

March 6, 1951, the supervisor closed the claim with an award of twenty-five per cent of the maximum allowed for unspecified disability; ten per cent of the amputation value of the arm at the shoulder; and time loss as previously paid. Two weeks later, his surviving spouse, respondent herein, filed a claim for a widow's pension. The claim was subsequently rejected by the department, and that order was upheld by the board of appeals.

On appeal to the superior court, it was stipulated that the workman was totally disabled at the time of his death and that his death was not caused by the industrial injury. The trial court found:

"Said workman died November 26, 1950, as a result of a coronary thrombosis. Said thrombosis consisted of a blood clot in the coronary artery which began to form within a few days, at most, prior to his death. Said coronary thrombosis was not caused by said industrial injury. As a direct and proximate result of said industrial injury said decedent was totally disabled at all times after said injury until his death and, if he had not died, he would have been totally disabled for at least four to six months after November 26, 1950, as a direct and proximate result of said industrial injury. If decedent had lived out an average life expectancy for a man of his years, it would have been reasonable to expect that he would eventually have recovered from the effects of his industrial injury to the extent that he could return to a gainful occupation. At the time of said injury and at all times thereafter until his death said decedent suffered from a far advanced generalized condition of ar-

teriosclerosis and by reason of said condition had no life expectancy."

The court concluded that, at the time of his death, the workman was totally and permanently disabled as a direct and proximate result of the industrial injury. Judgment was entered reversing the order rejecting the claim and remanding the cause to the department with instructions to allow the widow's pension.

RCW 51.32.060 (in effect at the time of decedent's injury) provides in part:

"When permanent total disability results from the injury, the workman shall receive monthly during the period of such disability:" (Then follows schedule of payments.)

RCW 51.32.050 (7) provides:

"If the injured workman dies during the period of permanent total disability, whatever the cause of death, leaving a widow, invalid widower, or child, the surviving widow or invalid widower shall receive one hundred dollars per month until death or remarriage, . . ."

Our problem is this: Was the total disability of the deceased workman permanent at the time of his death, within the meaning of the workman's compensation act? Respondent contends that it was permanent because it was reasonably calculated to be continued until his death, since he had no life expectancy.

RCW 51.08.160 defines "permanent total disability" within the meaning of the workman's compensation act:

" 'Permanent total disability' means loss of both legs, or arms, or one leg and one arm, total loss of eyesight, paralysis or other condition permanently incapacitating the workman from performing any work at any gainful occupation."

In *Standard Oil Co. of Indiana v. Sullivan*, 33 Wyo. 223, 237 Pac. 253, the supreme court of Wyoming, in discussing a statute identical in language with the above, stated:

"Except in the cases of permanent total disability that are specifically described in the statute, we believe a total disability should not be declared to be permanent unless it appears pretty clearly that the affliction will not yield to

treatment, and that the workman will never be able to work at 'any gainful occupation.' "

In *Franks v. Department of Labor & Industries*, 35 Wn. (2d) 763, 215 P. (2d) 416, we stated:

"Usually, during a period of temporary total disability, the workman is undergoing treatment. In any event, such classification contemplates that eventually there will be either complete recovery or an impaired bodily condition which is static. Until one or the other of these conditions is reached, the statutory classification is temporary total disability. Permanent partial disability, on the other hand, contemplates a situation where the condition of the injured workman has reached a fixed state from which full recovery is not expected. *Miller v.. Department of Labor & Industries*, 200 Wash. 674, 94 P. (2d) 764."

■ The same reasoning applies to permanent total disability. It likewise contemplates a situation where the condition of the injured workman has reached a fixed state from which full recovery is not expected.

Webster's New International Dictionary (2d ed.) 1954, defines "permanent":

"Continuing or enduring in the same state, status, place, or the like, without fundamental or marked change; not subject to fluctuation or alteration; fixed or intended to be fixed; lasting; abiding; stable; not temporary or transient."

"Syn. Enduring, fixed, constant."

"Temporary" is defined as:

"Lasting for a time only; existing . or continuing for a limited time; not permanent."

■ The use of the word "permanent" together with "disability" indicates the character of the disability. It signifies that the disability has expectedly an unchangeable existence; that the physical condition arising from the injury is fixed, lasting, and stable. A person whose condition is remediable is not permanently disabled.

■ Regardless of the cause of death, a widow of an injured workman is entitled to a pension if he dies during the period of permanent total disability resulting from the injury. RCW 51.32.050 (7); *McFarland v. Department of*

*Labor & Industries*, 188 Wash. 357, 62 P. (2d) 714; *Noland v. Department of Labor & Industries*, 43 Wn. (2d) 588, 262 P. (2d) 765.

■ At the time of decedent's death, he was not permanently totally disabled as a result of his injury. His condition was not fixed, lasting, or stable. His disability would have continued for only four to six months longer, except for the intervention of death. His condition resulting from the injury was temporary rather than permanent.

■ The trial court found that decedent had no life expectancy because of an active heart condition which was not caused by the industrial injury. The heart condition caused his death, but it was entirely unrelated to his physical condition as a result of his injury. Decedent, subsequent to his injury and prior to his death, could not have received monthly payments under RCW 51.32.060 because he was not then under permanent total disability resulting from the injury. The permanent total disability which serves as a basis for a widow's pension must necessarily be that for which a workman may seek compensation during his lifetime. The widow must establish that, at the time of his death, he was permanently, totally disabled as a result of an industrial injury. That condition was not established in this case.

The judgment is reversed.

HAMLEY, C. J., DONWORTH, FINLEY, and OTT, JJ., concur.