[No. 34159.    Department One.    October 31, 1957.]

FAE MAXINE HOUSE, *Appellant,* v. THE DEPARTMENT OF
LABOR AND INDUSTRIES, *et al., Respondents.*[1]

*Harry L. Parr* and *Parr & Baker,* for appellant.

*The Attorney General, Bernard A. Johnson, Assistant,*
and *O'Leary, Meyer & O'Leary,* for respondents.

FINLEY, J.—This is an industrial insurance case.

On March 16, 1953, Walter W. House was injured during
the course of extrahazardous employment.    His claim for
benefits was allowed.    He received medical treatment and
time loss from the date of injury to February 20, 1954.    He
died on February 25, 1954.    At the time of the injury and
until his death, he had a severe rheumatic heart condition
and diabetes; he was under medical treatment for both.    The
autopsy verified the severe heart condition and indicated
that his death resulted therefrom.

The department denied the surviving wife's claim for a
pension, but did pay time loss from February 20, 1954, to
February 25th (date of death), and awarded the sum of
$2,650 for permanent *partial* disabilities.    The board of in-
dustrial insurance appeals sustained the department.    The
superior court for Thurston county affirmed on the au-
thority of *Hiatt v. Department of Labor & Industries,* 48
Wn. (2d) 843, 297 P. (2d) 244.

[1] Reported in 316 P. (2d) 1094.

Throughout the above proceedings, and on appeal here, the surviving wife contends that she is entitled to a pension under the provisions of RCW 51.32.050(7) which reads:

"If the injured workman dies during the period of permanent total disability, whatever the cause of death, leaving a widow, invalid widower, or child, the surviving widow or invalid widower shall receive one hundred dollars per month until death or remarriage, . . ."

Appellant urges that her deceased husband was totally disabled from the time of his injury until his death; that in fact there could be no recovery because of his rheumatic heart; *i.e.*, that her husband's condition in fact was fixed or static. From this it is contended that he was *permanently* totally disabled under the industrial insurance act, and that under the above-quoted statutory provisions, the husband's condition entitled her to a pension rather than to the lesser benefits which were awarded by the department on the basis that the statutory status of the decedent was *permanent partial* rather than *permanent total* disability.

The argument advanced by appellant in the instant case was urged in the *Hiatt* case, *supra,* and was determined by this court adversely to the claim of the surviving wife. We are not persuaded that the *Hiatt* case is unsound and that it should be overruled. Since we deem the *Hiatt* case to be clearly controlling, the judgment in the instant case should be affirmed. It is so ordered.

HILL, C. J., MALLERY, WEAVER, and OTT, JJ., concur.