[No. 38292. Department Two. December 8, 1966.]

ELMER SAYLER, *Respondent,* v. THE DEPARTMENT OF LABOR AND INDUSTRIES *et al., Appellants**

*Reported in 421 P.2d 362.

*The Attorney General* and *Gayle Barry, Assistant,* and *George J. Tichy,* for appellants.

*Fredrickson, Maxey & Bell,* for respondent.

WEAVER, J.—Claimant has received a series of awards for an industrial injury to his ankle, which injury occurred June 24, 1954, during his employment at Long Lake Lumber Company. The more than 10-year procedural history of his claim is set forth in the appendix.

Claimant seeks an additional award for permanent partial disability of 75 per cent of the maximum allowable for unspecified injuries for a back condition allegedly resulting from his ankle injury of June 24, 1954. Claim for the back condition was first made March 5, 1962.

Claimant was born with congenital club feet. During childhood claimant had surgery on the heel cord tendons of his feet and a "fusion or a stiffening of the calcaneal-cuboid and tarsal-scaphoid joints" of the right foot. April 14, 1955, in the course of treatment after his industrial accident of June 24, 1954, the ankle joint of his right leg was fused and made fixed.

The trial court found that claimant "had a defect in the bony structure of the back termed spondylolisthesis,"[1] which condition was dormant before his ankle injury. One medical expert testified that a vertebra having slipped, the "back is then held entirely by muscles or ligaments rather than by bony support." Another medical expert defined the condition as "a congenital defect in the spine"; and still another testified that the condition was possibly due to a severe trauma.

---

[1] "Spondylolisthesis"—a slipping and falling. Forward subluxation of the body of one of the lower lumbar vertebrae on the vertebra below it, or upon the sacrum. Stedman's Medical Dictionary (Unabridged Lawyers' Ed. 1961).

On several occasions claimant testified that he had not experienced any back trouble prior to June 24, 1954, the date his ankle was injured. At subsequent hearings claimant finally admitted that he had sustained an industrial injury (back strain) on February 3, 1954, while employed by the Ross Tire Company in Spokane; that he filed a claim with the Department of Labor and Industries; that he was treated by Dr. Joseph Finney for an injury to his back occurring 4½ months prior to the injury to his ankle. The accident was described in this way: "Putting a truck tire on the back of a truck, slipped, tire falling on patient."

August 20, 1964, the Board of Industrial Insurance Appeals found that claimant's back condition did not result from his ankle injury and denied recovery. This finding affirmed the February 14, 1962 order of the Supervisor of Industrial Insurance.

The trial court, sitting without a jury, reversed, entered findings of fact, conclusions of law and judgment directing defendant,

Department of Labor and Industries, to reassume jurisdiction of plaintiff's claim and to accept responsibility for plaintiff's back condition and complaints and to provide treatment therefor, together with such other and further relief as may be indicated or authorized . . . .

The trial court's conclusion is, of course, contrary to the finding of the hearing examiner of the Board of Industrial Insurance Appeals

that any back complaints the claimant was suffering from on or about the closing date were not the result of any condition resulting from the 1954 industrial injury.

This appeal is by the Department of Labor and Industries and by Long Lake Lumber Company, claimant's employer at the time of the industrial injury to claimant's ankle. The appeal raises one issue: Is there substantial evidence to support the trial court's determination that claimant's back condition was either caused or made symptomatic as the result of his right ankle injury of June 24, 1954?

Although there is no litmus paper test which resolves

the issue, our former decisions have laid down certain guidelines.

 RCW 51.52.115 provides that the findings and decision of the Board of Industrial Insurance Appeals are prima facie correct; the burden of proof is upon the party attacking them; the appellant must produce sufficient substantial facts, as distinguished from a mere scintilla of evidence, to make a case for the trier of fact. *Sawyer v. Department of Labor & Indus.*, 48 Wn.2d 761, 769, 296 P.2d 706 (1956), and cases cited.

 A claimant must establish by the testimony of competent medical experts that there is a *probable* (as distinguished from a *possible*) causal relationship between an industrial injury and a subsequent physical condition. *Sawyer v. Department of Labor & Indus., supra; Parr v. Department of Labor & Indus.*, 46 Wn.2d 144, 278 P.2d 666 (1955). Specifically, in the instant case, the burden is upon claimant to show by the testimony of medical experts that his back condition, for which he first made claim in 1962, was *probably* caused by his 1954 ankle injury.

 An expert medical opinion concerning causal relationship between an industrial injury and a subsequent disability must be based upon full knowledge of *all* material facts. An expert opinion given in response to a hypothetical question is without probative value if it is based upon the existence of conditions or facts not included in the question or established by the evidence and not necessarily inferable therefrom. *Berndt v. Department of Labor & Indus.*, 44 Wn.2d 138, 265 P.2d 1037 (1954); *Cyr v. Department of Labor & Indus.*, 47 Wn.2d 92, 286 P.2d 1038 (1955). The same rule applies to medical opinions based upon incomplete or inaccurate medical history. *Parr v. Department of Labor & Indus.*, 46 Wn.2d 144, 278 P.2d 666 (1955). If the doctor has not been advised of a vital element bearing upon causal relationship, his conclusion or opinion does not have sufficient probative value to support an award. This court said in *Parr, supra*:

A claimant does not prove such causal relationship by the testimony of a doctor whose information is shown by

the claimant's own testimony to be neither complete nor accurate.

We turn now to the record before us.

Dr. Leonard A. Dwinnell, claimant's medical witness, testified that ". . . at the time I examined him in 1961 he stated that he did not have back pain either prior to the accident of 1954 or immediately after the accident of 1954 [the ankle injury]." His original diagnosis that the ankle injury caused the back injury was based on the fact that there was no prior back trouble. The doctor admitted that had he known of the prior back trouble, he would have changed his diagnosis because the earlier back injury could have "precipitated or caused" the back condition. Finally, Dr. Dwinnell, after knowing all the facts, was forced to conclude that he was not sure whether claimant's faulty gait did or did not cause the latest back pain.

Dr. Robert W. Maris also had been told by the claimant that he had no back trouble prior to his ankle injury. Dr. Maris felt that if in fact claimant had a prior back injury, his present back condition was more likely caused by the prior back injury than by the ankle injury. He concludes that the ankle injury was unrelated to the back injury.

The prior back injury of February 1954 is a material omission from the medical history.

Considered in its entirety, the record does not support the conclusion that there is a causal relationship between claimant's industrial injury and his present back condition.

The judgment is reversed and the case remanded with directions to dismiss claimant's appeal.

ROSELLINI, C. J., DONWORTH and FINLEY, JJ., and BARNETT, J. Pro Tem., concur.

---

APPENDIX

Dec. 20, 1954 Supervisor closed claim with a permanent partial disability award of 50% of amputation value of right leg below the knee.

Feb. 25, 1955 Application to reopen for aggravation.

Apr. 6, 1955 Reopened for authorized treatment.

Mar. 9, 1956 Claim closed without additional permanent partial disability award.

Mar. 26, 1956 Appeal to Board of Industrial Insurance Appeals.

Apr. 17, 1956 Supervisor entered order holding order of Mar. 9, 1956 in abeyance pending investigation.

Apr. 19, 1956 Board denied appeal.

May 22, 1956 Supervisor entered order adhering to provisions of March 9, 1956 order.

June 5, 1956 Claimant appealed to Board.

Nov. 30, 1956 Board entered an order directing Department to pay claimant additional 10% permanent partial disability of amputation value of right leg below the knee.

Dec. 12, 1956 Supervisor complied with Board order and closed claim.

Feb. 9, 1960 Application to reopen claim for aggravation.

May 23, 1960 Supervisor's order reopening claim to pay 10% additional permanent disability award of amputation value of right leg below knee and closing claim.

June 6, 1960 Order of May 23, 1960 appealed.

June 16, 1960 Appeal granted.

Apr. 28, 1961 Board order remanding claim to Department for treatment and other indicated action.

May 16, 1961 Supervisor reopened claim effective May 24, 1960.

Feb. 14, 1962 Order of Supervisor terminating compensation as paid to August 28, 1961 and closing claim without additional disability award.

Mar. 5, 1962 Claimant's notice of appeal from order of Feb. 14, 1962. Claimant alleges 75% permanent partial disability of amputation value of right leg at the knee, and that he had a permanent partial disability of 75% of the maximum allowable for unspecified injuries for a back condition allegedly resulting from his injury of June 24, 1954. *This is the first time claimant placed in issue the causal relationship of a back condition to his right ankle injury of June 24, 1954.*

Mar. 22, 1962 Appeal granted.

May 14, 1964 Proposed decision of hearing examiner that Feb. 14, 1962 order of Supervisor should be sustained.

May 27, 1964 Claimant filed exceptions to proposed decision and order.

Aug. 20, 1964 Board affirmed and adopted proposed decision and order of May 14, 1964.

Notice of Appeal to Superior Court.

Dec. 3, 1964 Trial before Superior Court.

Jan. 29, 1965 Trial court signed findings of fact, conclusions of law and judgment remanding case to Department for investigation and treatment of claimant's back condition.

Feb. 1, 1965 Findings, conclusions and judgment filed in Superior Court.

Mar. 1, 1965 Employer-defendant, Long Lake Lumber Co. appealed to Supreme Court.

Mar. 2, 1965 Defendant, Department of Labor and Industries, appealed to Supreme Court.

