# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| RANDY JOHNSON, | ) | |
| | ) | No. 75858-6-I |
| Respondent, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | UNPUBLISHED OPINION |
| CLARK CONSTRUCTION GROUP, | ) | |
| INC., a Washington corporation, | ) | |
| | ) | |
| Appellant. | ) | FILED: November 20, 2017 |
| | ) | |

LEACH, J. — This case involves Randy Johnson's workers' compensation claim for his occupational disease (carpal tunnel syndrome) and his mental condition (depression and anxiety). Clark Construction Group Inc. challenges the sufficiency of the evidence to support the jury's findings that (1) Johnson's occupational disease proximately caused his mental condition, (2) he was temporarily totally disabled between July 25, 2012, and February 10, 2014, and (3) he was permanently totally disabled as of February 10, 2014. Because the record includes sufficient evidence to support each finding, we affirm

## FACTS

Johnson worked in construction for nearly 40 years, the last 25 as a journeyman carpenter. Johnson ended his career at Clark Construction on

January 6, 2011. He filed a workers' compensation claim in March 2011 for carpal tunnel syndrome. The Department of Labor and Industries (Department) allowed the claim and medical treatment for this condition.

Johnson has a history of anxiety and depression. As he received care for carpal tunnel syndrome, Johnson's mental health deteriorated. He sought coverage for his mental health condition. The Department denied this request and determined that Johnson was capable of working. On February 10, 2014, it issued a final order closing Johnson's claim.

Johnson appealed. An industrial appeals judge held hearings on the matter. Johnson had three medical experts testify about his mental condition: (1) Dr. Richard Seroussi, a physiatrist who treated Johnson for carpal tunnel syndrome and acted as Johnson's attending physician during the period of his carpal tunnel syndrome bilateral condition, (2) Advanced Registered Nurse Practitioner (ARNP) Joshua Webb, a family nurse practitioner who treated Johnson for depression and anxiety beginning in 2008, and (3) Dr. Owen Bargreen, a clinical psychologist who evaluated Johnson after he obtained a referral for a Department of Social and Health Services psychiatric evaluation.

Clark Construction presented the testimony of Dr. Douglas Robinson, a psychiatrist who performed a medical evaluation at its request.[1]

The industrial appeals judge's proposed decision stated that Johnson had failed to present a prima facie case establishing his claim. The Board of Industrial Insurance Appeals (Board) disagreed but affirmed the Department's closing order because it found, after weighing the evidence, that Johnson's occupational disease did not proximately cause his depression and anxiety.

Johnson appealed to superior court. There, a jury reversed the Board, answering the following questions:

> QUESTION 1: Was the Board of Industrial Insurance appeals correct in deciding that Randy L. Johnson's depression and anxiety were not proximately caused or aggravated by his occupational disease?
>
> ANSWER: <u>No</u>     (Write "yes" or "no")
>
> QUESTION 2: Was the Board of Industrial Insurance Appeals correct in deciding that as of February 10, 2014, the conditions proximately caused by Randy L. Johnson's occupational disease had reached maximum medical improvement and that he was not entitled to further necessary and proper treatment?
>
> ANSWER: <u>Yes</u>     (Write "yes" or "no")
>
> . . . .
>
> QUESTION 3: Was the Board of Industrial Insurance Appeals correct in deciding that Randy L. Johnson was capable of

---

[1] Anne Evans, an occupational therapist, Dr. Theodore Becker, a physical therapist, and Dr. Thomas Trumble, an orthopedic surgeon, also testified but did not provide any significant testimony about Johnson's psychiatric condition.

performing or obtaining a gainful occupation on a reasonably continuous basis from July 25, 2012 through February 10, 2014?

ANSWER: No (Write "yes" or "no")

QUESTION 4: Was the Board of Industrial Insurance Appeals correct in deciding that Randy L. Johnson was not a permanently and totally disabled worker as of February 10, 2014?

ANSWER: No (Write "yes" or "no")

The trial court entered a judgment consistent with the jury's verdict and awarded Johnson attorney fees. Clark Construction appeals.

ANALYSIS

Sufficiency of Evidence

Clark Construction challenges the sufficiency of the evidence to support the jury's findings that Johnson's occupational disease proximately caused his mental condition, that he was temporarily totally disabled from July 25, 2012, through February 10, 2014, and that he was permanently and totally disabled as of February 10, 2014.

The Industrial Insurance Act[2] provides for judicial review of workers' compensation decisions. The superior court reviews the Board's decision de novo.[3] The superior court must consider the Board's decision as prima facie correct. A party challenging that decision must prove its challenge by a

---

[2] Title 51 RCW.
[3] RCW 51.52.115.

-4-

preponderance of the evidence.[4] By contrast, this court reviews the superior court's decision under the ordinary standard of review for civil cases.[5] Thus, we limit our review to deciding if substantial evidence supports the jury's verdict.[6] We will not overturn a jury verdict if substantial evidence supports it.[7] Substantial evidence is enough evidence to persuade a fair-minded, rational person of the truth of the declared premise.[8] A "mere scintilla" of evidence is not enough.[9] Our review of the record persuades us that substantial evidence supports the jury's findings.[10]

*Proximate Cause*

First, Clark Construction asserts that the record does not contain substantial evidence that Johnson's carpal tunnel syndrome proximately caused

---

[4] Rogers v. Dep't of Labor & Indus., 151 Wn. App. 174, 180, 210 P.3d 355 (2009) (quoting Ruse v. Dep't of Labor & Indus., 138 Wn.2d 1, 5, 977 P.2d 570 (1999)).

[5] Mason v. Ga.-Pac. Corp., 166 Wn. App. 859, 863, 271 P.3d 381 (2012) ("Unlike our review of other administrative decisions, we review workers' compensation cases appealed from superior court in the same way we review nonadministrative civil cases." (citing RCW 51.52.140)).

[6] Rogers, 151 Wn. App. at 180.

[7] Roellich v. Dep't of Labor & Indus., 20 Wn.2d 674, 680, 148 P.2d 957 (1944).

[8] Mowat Constr. Co. v. Dep't of Labor & Indus., 148 Wn. App. 920, 925, 201 P.3d 407 (2009).

[9] Sayler v. Dep't of Labor & Indus., 69 Wn.2d 893, 896, 421 P.2d 362 (1966).

[10] Johnson claims that Clark Construction failed to preserve its challenge to the sufficiency of evidence because it did not object below. We note that sufficiency of evidence is likely appealable under RAP 2.5(a)(2), but because we decide in Johnson's favor we do not discuss this issue.

his anxiety and depression. Johnson must establish with medical testimony that his occupational disease proximately caused the disability.[11] An occupational disease proximately causes a condition when there is no intervening independent sufficient cause for the condition.[12] The occupational disease need not be the original cause of the claimed disability; it is sufficient for the worker to show that it was an aggravating factor.[13]

Here, testimony from several experts demonstrates a causal relationship between Johnson's occupational disease and his disability. First, ARNP Webb stated that while Johnson's deteriorating mental condition probably had multiple causes, he believed the labor and industries (L&I) claim was the triggering factor.[14] Dr. Seroussi also opined that Johnson's claim more probably than not aggravated his preexisting depression and anxiety issues. He explained that "[Johnson's] psychiatric issues became more notable as the claim evolved, I

---

[11] Ruse, 138 Wn.2d at 7 ("The worker must prove a condition of the job . . . caused the disability."); Cyr v. Dep't of Labor & Indus., 47 Wn.2d 92, 95, 286 P.2d 1038 (1955) ("The causal relationship between an injury and a subsequent disability or death must be established by medical testimony."); Kralevich v. Dep't of Labor & Indus., 23 Wn.2d 640, 656, 161 P.2d 661 (1945) (explaining that while witnesses may generally testify about the existence of a condition, the cause of the condition is "a scientific question upon which the testimony of expert medical witnesses is essential").

[12] Simpson Logging Co. v. Dep't of Labor & Indus., 32 Wn.2d 472, 479, 202 P.2d 448 (1949).

[13] Dennis v. Dep't of Labor & Indus., 109 Wn.2d 467, 471-72, 745 P.2d 1295 (1987).

[14] The parties apparently accept that a causal link exists between Johnson's carpal tunnel syndrome and his L&I claim.

think especially as he felt he couldn't get back to work. And I know that patients who lose their livelihood often end up with a fair amount of depression and anxiety." Dr. Bargreen also maintained, based on his evaluations, that a direct relationship exists between Johnson's depressive symptoms and his L&I claim. The testimony of these witnesses provides substantial evidence of proximate cause.

Clark Construction claims that the testimony of Johnson's experts cannot support the jury's finding because when the experts evaluated Johnson, they lacked material information about Johnson's mental health history. "An expert medical opinion concerning causal relationship between an industrial injury and a subsequent disability must be based upon full knowledge of all material facts."[15]

When they initially formed their opinions, Johnson's experts were unaware of some information relevant to Johnson's mental health: his methamphetamine drug use, the deaths of his mother and brother, and mental health history. Thus, Clark Construction asserts, their testimony lacks sufficient foundation to be probative.[16] Clark Construction relies on two cases to support this contention,

---

[15] Sayler, 69 Wn.2d at 897.
[16] Johnson's brother had schizophrenia and committed suicide, and his mother died around the time Johnson filed his claim.

Sayler v. Department of Labor & Industries[17] and Parr v. Department of Labor &
Industries,[18] but we consider these cases distinguishable.

In Sayler, the Supreme Court determined that substantial evidence did not
support the trial court's finding that the claimant's industrial injury to his ankle
caused a disabling back condition.[19] The medical witnesses had formed their
original opinions based on the claimant's statements, but the claimant had
neglected to mention a previous back injury.[20] When the doctors learned about
the earlier back injury, one testified that he was no longer sure about the cause
of the claimant's current back condition, and the other testified that the present
condition was more likely caused by his back injury than the ankle injury.[21] The
court concluded that the medical witnesses' testimony about causation was not
probative because each original diagnosis assumed that the claimant had no
prior back trouble.[22]

Similarly, in Parr, the Supreme Court held that the claimant failed to
establish a causal connection between his asthma and his job.[23] The only
evidence to support causation was a doctor's conclusion that wood dust

---

[17] 69 Wn.2d 893, 421 P.2d 362 (1966).
[18] 46 Wn.2d 144, 278 P.2d 666 (1955).
[19] Sayler, 69 Wn.2d at 897.
[20] Sayler, 69 Wn.2d at 897.
[21] Sayler, 69 Wn.2d at 897.
[22] Sayler, 69 Wn.2d at 897.
[23] Parr, 46 Wn.2d at 149.

experienced at his job caused his asthma.[24] But the doctor based his opinion on the assumption that only wood dust affected the claimant; the doctor was unaware of the claimant's allergy to other forms of dust.[25] Because the doctor did not base his opinion on all the material facts, it was not probative of causation.[26]

Here, the medical witnesses' testimony remained the same after learning about Johnson's methamphetamine use, the family deaths, and his mental health history. This distinguishes this case. In Sayler, the doctors testified that the missing information changed their opinion, and in Parr, the doctor never gave an opinion based on all material information. Here, however, the experts affirmed their original conclusions about causation after they had all the material information. Specifically, ARNP Webb acknowledged that he was not initially aware of Johnson's past methamphetamine use but stated that this information did not affect his opinion. Dr. Seroussi agreed that he did not know much about Johnson's mental health history and that he had been unaware that Johnson's brother had committed suicide but also maintained his original opinion after learning this information. And Dr. Bargreen testified that Johnson had told him about Johnson's history of depression and methamphetamine use. After cross-

---

[24] Parr, 46 Wn.2d at 149.
[25] Parr, 46 Wn.2d at 149.
[26] Parr, 46 Wn.2d at 150.

examination on those matters and the deaths of Johnson's mother and brother, Dr. Bargreen held to his original opinion that Johnson's mental condition was related to his L&I claim.

Clark Construction essentially asks this court to reweigh the evidence. It asserts that Dr. Robinson's testimony provided better evidence and this evidence proves that methamphetamine abuse is the more likely cause of deterioration in Johnson's mental health.[27] But the jury considered each witness's opinions in light of Johnson's methamphetamine use, the deaths of his mother and brother, and the experts' lack of knowledge of those facts when they diagnosed him. The attorneys extensively developed those issues. The jury chose to accept the evidence supporting Johnson's claim.

Substantial evidence supports the jury's finding of proximate cause.

*Temporary Total Disability*

Clark Construction next asserts that substantial evidence does not support the jury's finding that Johnson was temporarily totally disabled between July 25, 2012, and February 10, 2014. "Temporary total disability is 'a condition that temporarily incapacitates a worker from performing any work at any gainful

---

[27] In Dr. Robinson's view, Johnson's carpal tunnel syndrome could not have caused his mental condition because it was not his inability to work that caused his anxiety, but his inability to get work. Dr. Robinson also believed that the deaths of Johnson's brother and mother were "more salient contributors."

employment.'"[28]  The injured worker must show that he is unable to perform "light or sedentary work of a general nature."[29]

Johnson relies on the testimony of Dr. Bargreen and ARNP Webb to show that he was unable to work during that time period.  Dr. Bargreen testified that based on Johnson's self-report, his condition indicated an inability to perform gainful employment:

> I was not evaluating during that time.  So, I don't know if he was able to work from that period, but based on his self-report he mentioned that prior to me meeting him, like for instance in . . . January and February of 2014 as well as November of 2013, he was having suicidal ideation.  He had a suicide attempt.  So, I mean obviously those are conditions and behaviors that are not consistent with being, you know, having full-time gainful employment.

ARNP Webb also opined about Johnson's ability to work:

> Q.  And my question to you, Mr. Webb, based on your medical chart notes, your recollection in working with Mr. Johnson, your review of other medical records, do you believe that Mr. Johnson was capable of gainful employment during this time period?
>
> A.  I do not.
>
> Q.  What is the basis and the reasoning for you to offer that opinion?

---

[28] O'Keefe v. Dep't of Labor & Indus., 126 Wn. App. 760, 768, 109 P.3d 484 (2005) (quoting Hubbard v. Dep't of Labor & Indus., 140 Wn.2d 35, 43, 992 P.2d 1002 (2000)).

[29] Spring v. Dep't of Labor & Indus., 96 Wn.2d 914, 919, 640 P.2d 1 (1982) (emphasis omitted).

A.  Randy was not functioning well enough to provide a home for himself, I don't believe he would be able to make it to work every day and do his job in a safe and competent manner.

The testimony of these experts is sufficient to support the jury's finding that Johnson was unable to work.

Clark Construction asserts that Johnson was not disabled because he stated that he was willing and able to work during the relevant period. Johnson did testify that he belonged to his union during this time, which listed him as ready and available to work. But willingness and availability do not establish ability to work or negate medical testimony that Johnson was not able to work.

Substantial evidence supports the jury's finding that Johnson was temporarily totally disabled.

*Permanent Total Disability*

Next, Clark Construction contends that substantial evidence does not support the jury's finding that Johnson was permanently and totally disabled as of February 10, 2014. Permanent total disability is a condition "permanently incapacitating the worker from performing any work at any gainful occupation."[30] A worker must present medical testimony to establish a permanent disability.[31] A disability is permanent when the condition has reached a "fixed state from which

---

[30] RCW 51.08.160.
[31] Fochtman v. Dep't of Labor & Indus., 7 Wn. App. 286, 294, 499 P.2d 255 (1972) (discussing permanent partial disability).

full recovery is not expected."[32] "A person whose condition is remediable is not permanently disabled."[33]

No witness testified that Johnson was permanently and totally disabled. But the record as a whole contains enough evidence to support the jury's finding. Dr. Robinson gave testimony from which a jury could infer that Johnson's condition was fixed. Specifically, Dr. Robinson testified, "Psychiatric treatment would be ill advised. . . I am confident that he will be able to work through things on his own, and that the best outcome for his mental stability would be resolution of the industrial claim." ARNP Webb testified that Johnson was not capable of gainful employment as of February 10, 2014.[34] In other words, Dr. Robinson's testimony supports the permanence element, and ARNP Webb's testimony supports the total disability element. From this testimony the jury could rationally conclude that Johnson was permanently disabled. Also, we note that the Board similarly decided that Johnson had presented a prima facie case of both temporary and permanent total disability.[35] Substantial evidence supports the jury's finding that Johnson was permanently totally disabled.

---

[32] Hiatt v. Dep't of Labor & Indus., 48 Wn.2d 843, 846, 297 P.2d 244 (1956).

[33] Hiatt, 48 Wn.2d at 846.

[34] Webb specifically testified that Johnson was unable to work during July 25, 2012, through February 10, 2014, and stated that his conclusions about ability to work were the same as of the date of his testimony.

[35] Although the Board ultimately concluded that a preponderance of the evidence did not support that Johnson is entitled to disability benefits, it stated,

## Attorney Fees

Clark Construction challenges the trial court's award of attorney fees to Johnson. RCW 51.52.130 allows a worker to recover attorney fees when he receives relief on appeal to the superior or appellate court. Clark Construction contends that because Johnson should not have prevailed below, he was not entitled to attorney fees. But we are affirming the jury verdict. Thus, the trial court properly awarded Johnson fees under RCW 51.52.130. For the same reason, we award Johnson fees for this appeal, subject to his compliance with applicable appellate rules.[36]

## CONCLUSION

Because sufficient evidence supports each of the challenged jury findings, we affirm.

_Leach, J._

WE CONCUR:

_Dwyer, J._            _Cox, J._

---

"We are persuaded that Mr. Johnson made a bare-bones prima facie case [for temporary or permanent total disability]."

[36] RCW 51.52.130.